## ARTHUR *v.* HOMER.

1. The duty imposed on embroidered linen goods by the twenty-second section of the act of March 2, 1861 (12 Stat. 192), is not reconsidered in the seventh section of the act of June 30, 1864 (13 id. 209), but remains as fixed by the former act.

2. A statute does not, by implication, repeal a prior one, unless there is such a positive repugnancy between them that they cannot stand together.

ERROR to the Circuit Court of the United States for the Southern District of New York.

In 1873, Homer & Co. imported into the port of New York certain goods, of which linen was the basis, upon which the collector imposed and collected duties at the rate of forty per cent, under the seventh section of the act of June 30, 1864 (13 Stat. 209). The importers insisted that they were dutiable at thirty-five per cent only, under the twenty-second section of the act of March 2, 1861 (12 id. 192), and brought this action to recover the alleged excess of duties.

The plaintiffs introduced testimony tending to show that the goods were dress patterns, or patterns for dresses, designed for ladies' wear, each piece, or the contents of each carton, comprising the material for a garment, either as an overskirt (*polonaise*) or dress (*robe a jour*), although not made up. The size of these patterns or articles varied from about eight to twelve yards. About the edge, or above it, and arranged so as to form an appropriate ornamentation to the article when made up for wear, there was worked, sometimes in cotton thread and sometimes in linen thread, more or less embroidery. The amount of this embroidery and its elaboration was a substantial and influential element in the cost or value of the article.

The component material of chief value in the articles in

question was flax or linen, as embroidered; and in the condition in which they were imported,—packed in cartons and boxes,—the value of the goods exceeded thirty cents per square yard.

The testimony further showed that the general descriptive and commercial names of the articles in question were polonaise and robe, more particularly described as linen embroidered robes and linen embroidered polonaise, &c.

The court below directed the jury to find a verdict for the plaintiffs; and from the judgment entered upon such verdict this writ of error is brought.

*The Solicitor-General* for the plaintiff in error.
*Mr. Edward Hartley, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

Sect. 14 of the act of March 2, 1861 (12 Stat. 185, 186), imposes duties in the following words, viz.: —

" On all brown or bleached linens, ducks, canvas, paddings, cotbottoms, burlaps, drills, coatings, brown hollands, blay linens, damasks, diapers, crash, huckabacks, handkerchiefs, lawns, or other manufactures of flax, jute, or hemp, or of which flax, jute, or hemp shall be the component material of chief value, being of the value of thirty cents and under per square yard, twenty-five per cent *ad valorem;* valued above thirty cents per square yard, thirty per cent *ad valorem;* on flax or linen threads, twine, and pack-thread, and all other manufactures of flax or of which flax shall be the component material of chief value, and not otherwise provided for, thirty per cent *ad valorem.*"

The twenty-second section (12 Stat. 192) imposes a duty of thirty per cent on " manufactures of cotton, linen, silk, wool, or worsted, if embroidered or tamboured in the loom, or otherwise, by machinery or with the needle, or other process not otherwise provided for."

The tenth and thirteenth sections of the act of July 14, 1862 (12 Stat. 554–557), impose five per cent additional duty on each of the above enumerations *totidem verbis.*

The seventh section of the act of June 30, 1864 (13 Stat. 209), imposes duties as follows : —

" On brown and bleached linens, ducks, canvas, paddings, cotton bottoms, burlaps, diapers, crash, huckabacks, handkerchiefs, lawns,

or other manufactures of flax, jute, or hemp, or of which flax, jute, or hemp shall be the component material of chief value, not otherwise provided for, valued at thirty cents or less per square yard, thirty-five per cent *ad valorem;* valued at above thirty cents per square yard, forty per cent *ad valorem.* On flax or linen yarns for carpets, not exceeding number eight Lea, and valued at twenty-four cents or less per pound, thirty per cent ad valorem. On flax or linen yarns valued at above twenty-four cents per pound, thirty-five per cent ad valorem. On flax or linen thread, twine, and packthread, and all other manufactures of flax, or of which flax shall be the component material of chief value, not otherwise provided for, forty per cent *ad valorem.*"

The twenty-second section was as follows (id. 216) : —

"*And provided further*, that the duties upon all goods, wares, and merchandise imported from foreign countries, not provided for in this act, shall be and remain as they were according to existing laws prior to the 29th of April, 1864."

It will be seen by this juxtaposition, that. sect. 14 of the act of 1861, and sect. 7 of the act of 1864, are, in their first and general paragraphs, nearly identical. Except as to that portion of the act of 1864, describing linen yarns, which is placed above in Italics, and the rate of the duty provided, they are nearly the same, word for word. In the paragraphs following they differ. The act of 1861 contains the provision that "manufactures of cotton, linen, silk, wool, or worsted, if embroidered or tamboured, in the loom or otherwise, by machinery or with the needle, or other process not otherwise provided for," shall be subject to a duty of thirty per cent.

The act of 1864 omits this provision, but contains the following clause : —

"*Provided further*, that the duties upon all goods, wares, and merchandise imported from foreign countries, not provided for in this act, shall be and remain as they were according to existing laws prior to the 29th of April, 1864."

It seems impossible to resist the conclusion that Congress intended by the act of 1864 to revise the duties on brown and bleached linens generally, increasing them from twenty-five and thirty per cent, as they were by the act of 1861, to thirty-

five and forty per cent, but on embroidered or tamboured manufactures of linen the duties were intended to remain as they were prior to the 29th of April, 1864.

To induce a repeal of a statute by the implication of inconsistency with a later statute, there must be such a positive repugnancy between the two statutes that they cannot stand together. *McCool* v. *Smith,* 1 Black, 459; *Wood* v. *United States,* 16 Pet. 342; *United States* v. *Tynen,* 11 Wall. 88.

In the present case, the statutes are in perfect harmony, and there is no room for the theory of repeal by implication.

The test of the rate of duty we are considering is that of embroidery, or not. The rate of duty upon plain linen goods is reconsidered in the act of 1864, and is fixed at thirty-five per cent where the goods are valued at thirty cents or less per square yard, and at forty per cent where they are valued above that sum. This is a higher rate of duty than that imposed by the act of 1861; and, if there were no repealing clauses, then it would necessarily operate as a repeal of the old duty, by its repugnancy. The rate of duty on embroidered goods is not reconsidered in the act of 1864. This class of goods is not there mentioned, but falls under the description of goods "not provided for in this act," which, it is declared, shall remain as they were on the 29th of April, 1864. They remain, therefore, subject to the duty imposed by the act of March, 1861.

That this is a correct interpretation of these statutes is shown by the later provision of the Revised Statutes of 1874, wherein the duties are set forth in precise accordance with the construction we have here given.

1st, At pp. 465, 466, a duty is imposed on brown and bleached linens, ducks, canvas, &c., of thirty-five per cent where the value does not exceed thirty cents per square yard, and of forty per cent where the value is greater.

2d, Flax or linen yarns for carpets are dutiable at thirty-five or forty per cent, according to their value. These duties are as provided in the act of 1864, and the marginal reference is to that act.

3d, At p. 479 is the provision, "Embroidery, manufactures of cotton, linen, or silk, if embroidered or tamboured, in the

loom or otherwise, by machinery or with the needle, or other process not otherwise provided for, thirty-five per cent *ad valorem*. Articles embroidered with gold or silver or other metals, thirty-five per cent *ad valorem*."

The rulings at the trial were all upon this theory of the laws imposing duties, and were correct.

*Judgment affirmed.*