Croasdale v. Davis.

---

B. F. Croasdale, *as Executor, etc.*, v. P. Q. Davis *et al.*

**No. 316.** (59 Pac. 667.)

Fees and Salaries— *Clerks of the Courts of Appeals.* The clerk of the supreme court is authorized by law to tax costs on the same basis that costs are taxed in the district courts by the clerks thereof, and the act creating the courts of appeals confers on their clerks the same power and authority.

Motion to retax costs.  Opinion filed January 4, 1900.  Motion denied.

*H. C. Root*, for the motion.

*A. A. Godard*, for The State, and *David Overmyer*, for the Clerks of the Courts of Appeals.

The opinion of the court was delivered by

MAHAN, P. J.: The purpose of the motion is to present to the court the question of the statutory power or authority of the clerk of this court to tax any costs in a cause.

It is contended upon the part of the plaintiff in error that there is no statutory authority therefor. In 1868 the legislature passed and caused to be published an act in relation to the supreme court, being chapter 27 of the General Statutes of 1868. Section 8 thereof reads as follows :

"SECTION 8. Before entering on the duties of his office, the clerk of the supreme court shall give bond to the state of Kansas, in the penal sum of not less than $10,000, with sufficient sureties, to be approved by the court, conditioned for the faithful performance of the duties of his said office, and take and subscribe the oath of office ; and his fees shall be the same as the clerks of the district courts."

The act creating the courts of appeals provides that the clerks shall receive as compensation for their services the same fees as the clerk of the supreme court receives for like services ; provided, that all fees received in excess of $1500 per annum shall be paid into the state treasury and become a part of the state funds.

The legislature of 1869 passed and caused to be published an act entitled "An act to amend an act entitled 'An act relating to the supreme court,'" comprising two sections. Section 1 of chapter 40 reads as follows :

"SECTION 1. That section 8 of said act be amended so as to read as follows : Section 8.   Before entering

on the duties of his office the clerk of the supreme court shall give bond to the state of Kansas in the penal sum not less than ten thousand dollars, with sufficient sureties, to be approved by the court, conditional for the faithful performance of the duties of his said office, and take and subscribe the oath of office ; and the clerk shall receive, in addition to the fees already prescribed, such per diem during the term as may be allowed by said court."

Section 2 provides for the publication of the act. It will be observed that there is no express repeal of section 8 of the act of 1868.   But it is contended that by force of a constitutional provision contained in section 16 of article 2 the passage of the act of 1869, *ipso facto*, repealed it.   This contention is supported by the decision of the supreme court of Wisconsin in *State v. Ingersoll*, 17 Wis. 631.   The decision in that case is based upon the intention of the legislature indicated by the omission from the amendatory act of provisions contained in the former act.   The court said :

"In what clearer manner could the legislature indicate its intention to supersede, change and repeal section 5 than by the one adopted?   It is amended so as to read and be to the effect therein prescribed, and quite different from what it was as it formerly existed."

Regarding this constitutional provision, see also Cooley's Constitutional Limitations, pages 151, 152.

Counsel for the motion first contends that the act of 1869 is unconstitutional on three different grounds. We do not deem it necessary, however, to investigate or determine the correctness of this contention.   All rules of construction are intended or ought to be intended to aid in reaching the true purpose of the legislature.   In this case the purpose of the legislature in passing the act of 1869 seems to us so apparent that it is impossible to mistake it, and needs no canon of

construction to aid the court thereto.   That purpose
was  to  add  to  the  emoluments  of  the  office  of  the
clerk  of  the supreme court a *per diem* to be determined
by the court in addition to the fees prescribed  by  the
former act.   So we say that whether  the  act  of  1869
is constitutional or violates the provisions of the con-
stitution the same result follows.

Whether under the provision of the constitution re-
ferred  to  the repeal follows as of necessity, we must
nevertheless  look  to  the  former  act  to determine  the
true  meaning  of  the  law.   However, repeals by im-
plication are not favored, and  there is no reason why
the  two sections cannot remain in full force and ef-
fect.   Nor do we intend to decide that the adoption of
a section amendatory of the former section, omitting
some of the provisions of the former section, of neces-
sity repeals the former, unless the provisions of the
respective sections are so inconsistent that they can-
not have operation and effect at the same time.   We
think  that the contrary logically follows from the de-
cision of the supreme court in the case of *City of Troy
v. Atchison & N. R. Co.* 11 Kan. 531, *et seq.*   See, also,
*Lynch v. Chase,* 55 id. 367, 40 Pac. 666 ; *Arthur v. Ho-
mer,* 96 U. S. 140, 24 L. Ed. 811 ; *United  States  v.
Walker,* 22 How. 299, 16 L. Ed. 382 ; *Chew Heong v.
United States,* 112 U. S. 536, 5 Sup. Ct. 255, 28 L. Ed.
770 ; *City of Galena v. Amy,* 5 Wall. 705, 18 L. Ed.
560 ; *McCool v. Smith,* 1 Black (U. S.) 471, 17 L. Ed.
218 ; *Frost v. Wenie,* 157 U. S. 46, 15 Sup. St. 532, 39
L. Ed. 614 ; *Holden v. Minnesota,* 137 U. S. 483, 11
Sup. Ct. 143, 34 L. Ed. 734 ; *Lehman v. McBride,* 15
Ohio St. 573.   In this last case the supreme court of
Ohio, referring to section 16 of article 2 of the consti-
tution of that state, which is substantially the same
as ours, said that the provision of the constitution de-

claring that the section so amended shall be repealed, is directory only to the general assembly and not intended to abrogate the long-established rule as to repeals by implication.

Our conclusion is that the clerk of the supreme court is authorized by law to tax costs upon the same basis that costs are taxed in the district courts by the clerks thereof, and that the act creating this court confers upon its clerks the same power and authority.

The motion is denied.