## In re SIMPSON.

(District Court, D. Maine.   December 22, 1901.)

1. SEAMEN—OFFENSES—REPEAL OF STATUTE BY IMPLICATION.

The provision of Rev. St. § 5359 [U. S. Comp. St. 1901, p. 3639], which makes it a criminal offense "if any one of the crew of an American vessel on the high seas, or other waters within the admiralty and maritime jurisdiction of the United States, endeavors to make a revolt * * * on board such vessel," was not repealed by implication by the provision of the shipping commissioners' act of June 7, 1872 (Rev. St. § 4596, par. 7 [see U. S. Comp. St. 1901, pp. 3113, 3115]), which makes it an offense for any seaman to "combine with any others of the crew to disobey lawful commands."

On Petition of William Simpson for a Writ of Habeas Corpus.

The defendants were indicted for a violation of section 5359 of the Revised Statutes of the United States while seamen on the American schooner Helen M. Atwood, and while that vessel was lying at anchor in the Kennebec river, near the city of Bath, in the district of Maine.   The indictment contained three counts, each alleging an endeavor upon the part of the defendants to create a revolt.   The jury returned a verdict of guilty as to each defendant, and they were sentenced to imprisonment.   One of the defendants immediately filed an application for a writ of habeas corpus, alleging that section 5359, so far as it related to the offense charged in the indictment, had been repealed by paragraph 7 of the act of June 7, 1872 (17 Stat. 273; section 4596 of the Revised Statutes of the United States), and that the latter act had been repealed by the act of December 21, 1898 (30 Stat. 760 [U. S. Comp. St. 1901, p. 3114]).

On the trial of the criminal, HALE, District Judge, charged the jury as follows:

No higher duty devolves upon the citizen of a representative government, a government of the people, than the duty of serving upon a jury; that is, the duty of standing between man and man in the controversies that come into the courts of justice.   And especially is this true when you are standing between the government and persons accused of crime.   Now, gentlemen, this is your first case, and you will have only criminal cases this term; so that, without giving you any general instructions as to the rules of evidence pertaining in civil matters, I will give you some general instructions as to the rules in criminal cases.

In the first place, without going into the reason for the rule, the first primary rule to govern your conduct in criminal cases is that every man is presumed to be innocent until the contrary is proved.   And, if there be reasonable doubt of his guilt, the jury are to give him the benefit of such doubt; that is, if there be any reasonable doubt of his guilt, he cannot be held.   Now, a doubt that requires an acquittal must be far more serious than the doubt to which all human conclusions are subject.   It must be a doubt so solemn and so substantial as to produce in the jury grave uncertainty as to the verdict to be given.   It is not a mere possible doubt.   To instruct you in the language of Chief Justice Shaw, "A reasonable doubt is not a mere possible doubt;" but you, as reasonable men, are to weigh all the testimony in the case, and decide whether there is any real reason to doubt or not.   And I, of course, wish to emphasize that a reasonable doubt is not a frivolous doubt, but is such a doubt as I have just explained. Now, in passing upon a case like this, all the facts in the case are for your consideration.   It is for you to judge of the credibility of the witnesses.   It is for you to judge as to the weight that shall be given to any evidence

¶ 1. Repeal of statutes by implication, see note to Bank v. Weidenbeck, 38 C. C. A. 136.

presented in the case. You may credit the whole or only a part of any evidence that is offered; and in this I can give you no rule to govern you, except to say that in all questions of fact you are the judges. As Chief Justice Parker has put it: "You can believe the whole, you can discredit the whole or any part, of the testimony of any witness that has testified in the case, according as the testimony of such witness shall impress your minds as being worthy or unworthy of belief. You may consider the age, the intelligence, the interest in the case, the apparent prejudice, if any, and all other circumstances in evidence before you in the determination of the credibility of witnesses." And in that regard it is not for me to tell you what evidence is or is not sufficient to establish a given fact, but it is for me to tell you whether the whole testimony is sufficient to sustain the government's burden. To quote further from Chief Justice Parker—and I do so because it is so excellently stated—in giving the distinction between the power of the judge and the power of the jury, he says: "It is the privilege of the jury to ascertain the fact, and that of the court to declare the law. And, should the judge interfere with his opinion upon the testimony in order to influence the minds of the jury, he would step out of the province of a judge into that of the advocate." So that, gentlemen, I instruct you that on all questions of law you are to take the law from the court, and, if the court is in any way incorrect, and does not give you sufficient and ample instructions, it will be corrected by the appellate tribunal.

Coming to this case, gentlemen, the section of the statute under which this indictment is drawn is brief, and I will read it: "If any one of the crew of any American vessel on the high seas, or other waters within the admiralty and maritime jurisdiction of the United States, endeavors to make a revolt or mutiny on board such vessel, or combines, conspires, or confederates with any other person on board to make such revolt or mutiny, or solicits, incites, or stirs up any other of the crew to disobey or resist the lawful orders of the master, or other officer of such vessel, or to refuse or neglect their proper duty on board thereof, or to betray their proper trust, or assembles with others in a tumultuous and mutinous manner, or makes a riot on board thereof, or unlawfully confines the master, etc., he shall be punished," etc. Now, this indictment charges that these defendants who are named here in the indictment—I will not read it in full—have violated the provisions of this statute. The first count sets forth simply an endeavor to make a revolt within this statute. The second count sets forth likewise the endeavor, and describes the endeavor as being made by a conspiracy to do certain things alleged. The third count charges distributively a conspiracy to endeavor to do the things set out by the indictment. So that you have three counts in the indictment. Now, you have heard the evidence offered under the allegations in the first count, and, as I say, you are the judges of the fact. And, gentlemen, from the fact that there is no evidence offered upon the other side, you are not relieved from the responsibility of finding beyond a reasonable doubt all the facts necessary in order to sustain a verdict, although it may or may not render your task an easy one. It is alleged by the government that these men upon this vessel, being the crew of an American vessel, endeavored to make a revolt. In the first place, you must find, in order to bring the case within this statute, that they are the crew of an American vessel. You have heard the testimony on this point. You cannot find them guilty unless you find beyond a reasonable doubt that they are the crew (that is, persons pertaining to the conduct of the vessel), and that it is an American vessel (that is, that it is a vessel owned by American citizens). You have heard the testimony of the captain in that regard,—which is competent testimony,—that the owners are American citizens, and I know of no evidence in any way to contradict that statement of the captain. It is for you to say, however. That is one of the elements for you to find before you can convict,—that these respondents are of the crew of an American vessel. You must further find that the offense was committed within the admiralty and maritime jurisdiction of the United States. In that regard I do not remember any conflict in the testimony; and if you find, from the testimony, that the alleged offense was committed when the vessel was in the tide waters of the Kennebec river, I instruct you that that is within

the admiralty and maritime jurisdiction of the United States. So that, in order to sustain the indictment in that regard, you must find that the vessel was in the place alleged by the testimony, namely, in the tide waters of the Kennebec river.

Now, then, we come to the main allegations of the indictment,—that they endeavored to make a revolt and a mutiny on such vessel. Let us proceed knowing precisely where we stand. A revolt or a mutiny is an uprising against constituted authority. Now, did they endeavor to effect a rising up against the constituted authority of the master or other competent and controlling officer of the ship? And, no matter what any former statute has been, if you find that they did endeavor to make such a rising, then you will find that part of the indictment. And upon that question you will want to know, not only what a revolt is, but also what is a combination, because the statute says further "combines or conspires." But before we come to that matter of conspiracy and combination, let us take the first count, namely, that these men did endeavor to make a revolt. Now, at law a revolt is, as I have said, an uprising with a view to disobey the lawful commands of the master or other officer, accompanied or followed by actual disobedience. And if you find that these men who are charged with this offense, or any two of them, did that, then you will find that that element in the first count is sustained. As I have already said to you, gentlemen, you are the judges of the fact, and you will remember the testimony. But I instruct you, gentlemen, that with what transpired before the respondents were on board the vessel you have nothing to do. The statute confines the offense to any person on board; so that, until these men are on board the vessel, they are not chargeable with this offense, under this section of the statute. You will remember the testimony in this regard. In the first instance, the testimony of the captain and the mate that these men came before the captain, and found fault with their sleeping accommodations; that the captain gave some orders and instructions about it, and put one of them into another room,—not in the forecastle; and you will remember the testimony that they did then what they did in contravention to the authority of the captain. Now, it must be a disobeying of the lawful commands of the captain. There must be a disobeying of his lawful orders, and an endeavor to make a revolt, and that revolt is constituted by disobeying the master's lawful commands; so that it remains for me to instruct you, as a matter of law, whether the commands of the captain were lawful commands. Well, you have heard the testimony, of which I have just spoken, in regard to the matter of sleeping accommodations. And then further you have heard the testimony that these men came before the master. You remember the incident at the forecastle, as to what was done when the master gave the command for them to go to work, or "turn to," as he put it, and that they did not obey these commands. You have heard the testimony, and it is for you to find the facts. Even though the testimony is undisputed, that does not relieve you from the responsibility of finding the facts. As I say, it may render your task more or less easy, but your responsibility still remains to find what the facts are. But it is for me to charge you whether these commands of the captain were lawful commands. If you find that the testimony of the captain and the mate is true as to what the captain said and ordered the men to do, then I instruct you, for the purposes of this trial, that these commands were lawful commands. That leaves the question of fact clean and clear for you to find whether they did endeavor to incite and make a revolt, constituted, as I have said, by disobeying these lawful commands of the captain.

Now, under the second count the allegation is that these respondents endeavored to make a revolt by a combination,—by a conspiracy. Now, I hardly need instruct you what in fact a combination or conspiracy is, for you, as sensible men, know what is meant by a combination or a conspiracy; but, in brief terms, it is a union or an alliance of persons for the prosecution of a common object, and a confederacy to combine or conspire is the entering into such a combination. Now, the questions of fact may be proved either by direct evidence or by circumstantial evidence. It would be competent for the government, if it could, to introduce testimony of any one who heard these men conspiring together,—getting up a scheme among them-

selves to incite and endeavor to make a revolt. And it is equally competent for the government to show this by circumstantial evidence; or, as a distinguished text-writer states it: "The fact of conspiring may be inferred from the circumstances, and the concurring conduct of the defendants need not be directly proved." That is perfectly obvious. All things, as a rule, that may be proved directly, may be proved by circumstantial evidence. Under this count for inciting and endeavoring to make a revolt the government says this: That when the captain addressed these defendants, and any one of these defendants made a statement as to what he intended to do, he said, "We have done" so and so, and that is assented to, and the government claims that you may fairly infer from such testimony that all these men standing by and consenting have been guilty of a combination; else, it says, why should they stand by and assent, when they are practically charged with facts about which they must all be cognizable? And I instruct you, gentlemen, that a combination may be proved in that way, and you may competently find from such circumstances that a combination to revolt was entered into. And I also instruct you, as a matter of law, that, if there was a confederacy and a combination by these respondents to disobey the lawful commands of the master or mate or a competent officer in charge of the ship, and to refuse and neglect their proper duty, and there was actual disobedience, that constitutes an endeavor to commit a revolt. Because, as I instructed you in the first place, you must bear in mind that this indictment is not for making a revolt; it is for endeavoring to make a revolt. The statutes of the United States are so careful to uphold the authority of the officers of a ship that they properly make it an offense to endeavor to make a revolt, and, more than that, to conspire to endeavor, to form a conspiracy to carry out their endeavor.

Now, in the third count the allegation is squarely that there was a conspiracy to endeavor to do all these things, and with other persons to make such revolt or mutiny. You will see what the language of the indictment is. And I instruct you, as in the second count, that it is sufficient to constitute this endeavor to commit a revolt if you find that there was a conspiracy and a combination by the defendants to disobey the lawful commands of the master, and refuse and neglect their proper duty. And I believe I have instructed you fully as to the meaning of the several words,—what a combination or conspiracy is and what a revolt is,—and a mutiny under the statute is substantially the same as a revolt; that is, if there is an endeavor to rise up against the constituted authority of the master, that is sufficient, under this statute, to constitute an attempted mutiny or revolt. I again repeat that it is your duty to find these several facts in order to sustain the indictment, and in order to find these defendants, or any of them, guilty, and to find these facts beyond a reasonable doubt. I have already instructed you what a reasonable doubt is.

I am asked by counsel for the respondents to charge you that, to support the third count of this indictment, the government must prove beyond a reasonable doubt that a conspiracy, confederacy, and combination was made between the members of the crew to refuse to obey the lawful commands of the master or other officer of the vessel. I give you that instruction. I have already given you substantially that. I am further asked to instruct you that, in order to convict the respondents in the case under the first count of the indictment, it is necessary for the government to prove that the defendants used some violence, fraud, force, or intimidation; that the government must prove that beyond a reasonable doubt. That instruction I refuse. Whatever may have been the law under a previous statute, it is not the law now. I have already instructed you touching this point, and will not repeat.

Gentlemen, I want to repeat that on all questions of fact, whether there seems to be any contradiction in the testimony or not, you are the judges of the fact, and are to find affirmatively, beyond reasonable doubt, these several allegations that I have stated to you, before you can find the defendants guilty. It is for you to take the case, and as reasonable men pass upon the several ·allegations that I have brought to your attention. You may either find a verdict on each count,—for instance, on the first count you may find the defendants guilty or not guilty, as the case may be, and so with the

·other counts,—or you may find a general verdict. With these instructions, gentlemen, I commit the case to you, again repeating that all questions are before you for your examination,—the character of the witnesses, and their appearance upon the stand, whether you have any reason to believe they are in any way to be discredited as to their likelihood of telling the truth,—and you are to pass upon these questions precisely as you would, as reasonable men, pass upon questions in the business of life. And I have no doubt you will, without difficulty, come to a decision in this case.

Isaac W. Dyer, U. S. Atty.
William H. Gulliver, for defendants.

HALE, District Judge. The petitioner, with four others, was in-dicted at the present December term of this court under section 5359 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3639], which section is as follows:

"If any one of the crew of any American vessel on the high seas, or other waters within the admiralty and maritime jurisdiction of the United States, endeavors to make a revolt or mutiny on board such vessel, or combines, conspires, or confederates with any other person on board to make such revolt or mutiny, or solicits, incites, or stirs up any other of the crew to disobey ·or resist the lawful orders of the master, or other officer of such vessel, or to refuse or neglect their proper duty on board thereof, or to betray their proper trust, or assembles with others in a tumultuous and mutinous manner, or makes a riot on board thereof, or unlawfully confines the master, or other commanding officer thereof, he shall be punished by a fine of not more than ·one thousand dollars, or by imprisonment not more than five years, or by both such fine and imprisonment."

The first count of the indictment charges an endeavor to make a revolt, and shows how that endeavor was carried out. The second count charges the endeavor to make a revolt by conspiracy. The third count charges a conspiracy to make a revolt. The respondents were tried before a jury. The jury returned a verdict of guilty. The respondents were then sentenced, and this petitioner is now serving his sentence in the Portland jail.

The contention of the petitioner is that the proceedings under this indictment were a nullity, the court having no jurisdiction, be-cause the statute under which the indictment was found has been re-pealed, so far as it applied to the particular offense charged in the indictment. The supreme court in Ex parte Bigelow, 113 U. S. 328, 5 Sup. Ct. 542, 28 L. Ed. 1005, says:

"It may be confessed that it is not always very easy to determine what matters go to the jurisdiction of a court, so as to make its action, when er-roneous, a nullity, but the general rule is that, when the court has jurisdic-tion by law of the offense charged and of the party who is so charged, its judgments are not nullities."

In the case at bar it is urged that, the statute under which the indictment was found having been repealed so far as it applied to the particular offense, the court had no jurisdiction, and that the peti-tioner should be discharged. Upon an application of this kind, if the cause of imprisonment fully appears by the petition, the court may, without using the writ, decide whether, upon the facts of the petition, the prisoner would be discharged if brought before the court. It then becomes incumbent upon us to decide whether the statute under which this indictment was drawn has been repealed so far as

it applies to the particular offense. Upon examining the statute historically, it is found that the act of 1872 (section 4596, par. 7, Rev. St. U. S. [See U. S. Comp..St. 1901, pp. 3113, 3115] ) provided that:

"Whenever any seaman who has been lawfully engaged, or any apprentice to the sea service, commits any of the following offenses, he shall be punished as follows: * * * (7) For combining with any others of the crew to disobey lawful commands, or to neglect their duty, or to impede the navigation of the vessel, or the progress of the voyage, by imprisonment for not more than twelve months."

It is urged that this paragraph 7 by implication repeals so much of section 5359 [U. S. Comp. St. 1901, p. 3639] as relates to combining to disobey or resist the lawful commands or orders of the master or other officer. In considering the question of the repeal of a statute, it is a rule of the federal courts that "a later act does not repeal an earlier one by implication, unless their provisions are clearly inconsistent and repugnant," and that "repeals by implication are not favored, and, where sections of earlier and later acts can, by any reasonable construction, stand together, they must so stand." Gowen v. Harley, 6 C. C. A. 190, 56 Fed. 973. In Arthur v. Homer, 96 U. S. 137, 24 L. Ed. 811, the court says: "To induce the repeal of a statute by implication of inconsistency with a later statute, there must be such a positive repugnancy between the two statutes that they cannot stand together." Now, does such repugnancy exist between the two sections above referred to? Section 5359 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3639] was originally a part of Act April 30, 1790, c. 9, § 19 (1 Stat. 115). It was amended into its present form by Act March 3, 1835, has so continued since, and now appears as part of title 70, c. 3, entitled "Crimes." I have already quoted above the language of the statute of 1872, namely, the shipping commissioners' act (section 51, par. 7 [U. S. Comp. St. 1901, p. 3114] ). This shipping commissioners' act continued in force until 1874, when the following act was passed:

"That none of the provisions of the act entitled 'An act to authorize the appointment of shipping commissioners of the several circuit courts of the United States, to superintend the shipping and discharge of seamen engaged in merchant ships, belonging to the United States, for the further protection of seamen' shall apply to sail or steam vessels engaged in the coastwise trade, · except the coastwise trade between the Atlantic and Pacific coasts." 18 Stat. 64 [U. S. Comp. St. p. 3064].

This act of 1874 has been construed to repeal the act of 1872 so far as it applied to vessels engaged in the coasting trade. U. S. v. Buckley (D. C.) 31 Fed. 804. This repeal did not, however, change the act of 1835 (section 5359), under which the indictment is drawn. The act of 1872, as amended, continued until December 21, 1898, when congress re-enacted section 4596, omitting the seventh paragraph, which I have above quoted. 30 Stat. 760, § 19 [U. S. Comp. St. 1901, p. 3114]. It is urged by the petitioner that the act of 1872 repealed the statute under which this indictment is drawn so far as it relates to the offense charged, and that, the statute of 1898 repealing the seventh paragraph, namely, with reference to combining with any others of the crew to disobey the lawful commands, etc., this leaves no legislation upon the subject. It is unquestionably a well-

119 F.—40

settled rule that a statute may be repealed by implication, the last act being treated as the last expression of congress upon the subject. And also the repeal may be applicable only to a part of the statute to which the subject-matter relates. If paragraph 7 of the act of 1872 did repeal by implication section 5359, it did so only so far as the latter act related to the "combining upon the part of the men to resist the lawful commands of the master"; but an examination of the indictment upon which the petitioner was convicted shows that the charge in that indictment is as set forth above. The offense was that he endeavored to make a revolt, the several counts setting forth this endeavor as above stated. The charge in the indictment is not that he combined to do any unlawful act; so that the act of 1872 was not intended by congress to have any bearing upon the offense charged in this indictment, and it has no bearing upon the present proceedings. Section 5359 is clearly not repealed by the act of 1872, so far as an endeavor to make a revolt is concerned. Section 5359 properly appears in the compilation of the laws of the United States just issued, and also in the compilation of the navigation laws made by the commissioner of navigation. This fact is affirmed by the opinion of Judge Hammond, of the United States circuit court for the Western district of Tennessee, October 2, 1882,—U. S. v. Huff, 13 Fed. 630,—which decision was 10 years after the enactment of 1872, and discusses offenses similar to this in the present proceeding.

The application for the writ must be denied.