THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS F. DOYLE and Others, Respondents, *v.* GEORGE C. ATWELL, Acting Chief of Police of the City of Mount Vernon, Respondent.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Second Department, June 3, 1921.

Municipal corporations — ordinance against holding meetings in public streets without permit is valid — unjustifiable discrimination not shown — withholding permit not denial of free speech — arrest of relators proper — mandamus proper remedy where permit improperly withheld.

An ordinance of the city of Mount Vernon, enacted pursuant to the power invested in the common council by section 166 of the city charter, prohibiting the holding of public meetings upon the public streets of the city without special permit from the mayor, and providing that a violation of the ordinance constitutes a misdemeanor, is valid.

The power to grant or withhold such permits carries with it the duty to consider public convenience and to pay regard to the liability of undue

congestion, disturbance or disorder which may interfere with the public rights to pass and repass, and the circumstance that on the same night that the relators were arrested for violating said ordinance others were permitted to hold a meeting in the streets did not show unjustifiable discrimination.

Withholding permits for speaking in streets or parks under the ordinance did not deny the right of free speech to the defendants.

If the relators felt themselves aggrieved and believed that the action of the mayor was unjustified, they should have proceeded by mandamus to compel him to issue a permit.

APPEAL by the People of the State of New York from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 14th day of October, 1920, sustaining writs of habeas corpus and discharging relators from custody.

The several relators had been arrested by the Mount Vernon police in addressing a popular assemblage at the corner of Fourth avenue and Second street in Mount Vernon, on Saturday evening, October 2, 1920, without any permit from the mayor. The three writs were heard together, resulting in one consolidated order and a single appeal.

The charter of Mount Vernon (Laws of 1892, chap. 182, § 166, subd. 5, as amd. by Laws of 1896, chap. 692) empowers the common council " To prohibit the gathering or assembling of persons upon the public streets of said city or congregating upon the corners of the streets thereof, and to authorize the police officers of said city to disperse all such gatherings or assemblages of persons, and upon the refusal of persons so congregated or assembled to disperse when commanded so to do by a duly appointed police officer, under regulations to be prescribed by the board of police commissioners such police officer may make summary arrests of any person or persons so refusing, and take him or them forthwith before the city judge of said city, to be by him tried as disorderly persons and punished as such, and all such persons are hereby declared to be disorderly persons."

Accordingly the common council on September 29, 1917, passed this ordinance, adding section 21 to chapter 31 of the ordinances:

" § 21. The gathering or assembling of persons upon the public streets of the city, the holding of public meetings upon

the public streets of the city, the congregation of persons in groups or crowds upon the public streets of the city, without special permit of the Mayor, to be granted in writing, under his hand and seal, is hereby prohibited. Any violation of the provisions of this section is declared to be a misdemeanor, punishable upon conviction by a fine of Twenty-five ($25) Dollars, or by imprisonment in the County Jail of Westchester County for twenty-five (25) days."

The affidavit of one of the relators, Mr. Thomas F. Doyle, shows that the Socialist party had arranged for outdoor meetings in Mount Vernon; that such a meeting had been held at this place two weeks before; that on September 22, 1920, when relator applied to the mayor for a meeting permit at this locality, the mayor had stated " that he would grant no further permits for Socialist meetings while he was mayor and that any public speaker talking under said auspices in the city of Mount Vernon would be arrested."

Nevertheless the people gathered at this place, and as the speakers admitted that they had no permit, and, against the officer's warning, insisted on speaking, their arrest followed. At the hearing under the writs of habeas corpus it was maintained that this ordinance was unconstitutional, also that permits were granted and withheld in a discriminatory manner. Accordingly the learned justice sustained the writs and discharged the relators.

*Emory R. Buckner* [*Lee Parsons Davis, District Attorney, Frederick W. Clark, Corporation Counsel, Elihu Root, Jr.,* and *Robert P. Patterson* with him on the brief], for the appellant.

*Arthur Garfield Hays,* for the respondents.

PUTNAM, J.:

The Legislature had empowered the common council of Mount Vernon to enact ordinances regulating the use of public streets for holding meetings; and the ordinance clearly came within the terms of the charter. Hence public speaking upon the streets was only allowable after such leave. Without any permit from the mayor, and against his refusal thereof, a meeting could not be lawfully held. The circumstance that at the opposite street corner the Salvation Army held a meeting

that same night did not show an unjustifiable discrimination. The power to grant or withhold such permits carries with it the duty to consider public convenience and to pay regard to the liability of undue congestion, disturbance or disorder so as to interfere with the public rights to pass and repass.

Withholding permits for speaking in streets or parks, therefore, does not deny the right of free speech. (*City of Buffalo* v. *Till*, 192 App. Div. 99; *People* v. *Pierce*, 85 id. 125; *Davis* v. *Massachusetts*, 167 U. S. 43; 12 C. J. 954, § 479.) It follows that these relators, in mistaken assertion of their supposed rights, were actually breaking a valid ordinance; so that in its enforcement an arrest was in the lawful exercise of the police power. Even if discrimination against a political party were suspected, those who felt discriminated against could not take the law into their own hands, and, by such assemblage, defy this city ordinance. If a permit be improperly withheld, its issuance may be compelled through mandamus.

Hence the order should be reversed, and the writs of habeas corpus dismissed, with ten dollars costs and disbursements.

BLACKMAR, P. J., RICH and JAYCOX, JJ., concur; MILLS, J., not voting.

Order reversed and writs of habeas corpus dismissed, with ten dollars costs and disbursements.