## PEOPLE OF THE STATE OF NEW YORK EX REL. DOYLE ET AL. *v.* ATWELL, ACTING CHIEF OF POLICE OF THE CITY OF MOUNT VERNON, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 306. Submitted March 12, 1923.—Decided April 9, 1923.

This Court is without jurisdiction to review a judgment of a state court based not only upon a ground involving a federal question, but also upon an independent ground of state procedure involving no federal question and broad enough to sustain the judgment. P. 592.

Writ of error to review 197 App. Div. 225; 232 N. Y. 96, dismissed.

ERROR to a judgment of the Supreme Court of New York, entered on mandate from the Court of Appeals, dismissing petitions for *habeas corpus.*

*Mr. Arthur Garfield Hays* for plaintiffs in error.

*Mr. Frederick E. Weeks* for defendants in error.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The record presents a preliminary question as to our jurisdiction under the writ of error.

The relators were arrested by the police of the City of Mt. Vernon, N. Y., while holding a street meeting, on the charge of violating an ordinance which prohibited, under

penalty of fine, the gathering or assembling of persons or the holding of public meetings upon the public streets of the city, without special permit of the mayor. Before trial the relators obtained writs of habeas corpus from the Supreme Court of the State, at Special Term; which, being heard together, resulted in an order sustaining the writs and discharging the relators. The Appellate Division of the Supreme Court, on appeal, reversed this order and dismissed the writs [197 App. Div. 225]; and the Court of Appeals of the State, on a further appeal, affirmed the order of the Appellate Division [232 N. Y. 96,] and remitted the record and proceedings to the Supreme Court to be proceeded upon according to law. Thereafter this writ of error was granted by the Chief Judge of the Court of Appeals to review the judgment of that court.

It is urged, in substance, that the Court of Appeals denied the contention of the relators that the ordinance, both by its provisions and through the alleged discriminatory manner in which it was enforced, deprived them of their rights of freedom of speech and assembly in violation of the Fourteenth Amendment. The Court of Appeals, however, held not only that the ordinance was a valid and constitutional exercise of the police power, but also that the writ of habeas corpus was not, under the state practice, the proper method of contesting its validity. In the opinion of that court, after passing upon the constitutional question, it was said: "A writ of habeas corpus cannot take the place of (or) perform the functions of an appeal from a judgment of conviction. The court before which a person is brought under such writ simply inquires whether the court rendering the judgment had jurisdiction to do so. If that fact appears, and the mandate under which the defendant is held be regular upon its face, the writ must be dismissed. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46.) The magistrate before

whom the relators were taken had jurisdiction to try them for a violation of the ordinance in question, and they are now legally in custody. The Appellate Division, therefore, properly held that the order of the Special Term was erroneous, reversed the same, dismissed the writs and remanded the relators."

It is settled law, that where the record discloses that the judgment of a state court was based, not alone upon a ground involving a federal question, but also upon another and independent ground, broad enough to maintain the judgment, this Court will not take jurisdiction to review such judgment and will dismiss a writ of error brought for that purpose. *Eustis* v. *Bolles,* 150 U. S. 361, 366; *Dibble* v. *Bellingham Bay Land Co.,* 163 U. S. 63, 69; *Allen* v. *Arguimbau,* 198 U. S. 149, 155; *Adams* v. *Russell,* 229 U. S. 353, 358; *Cuyahoga River Power Co.* v. *Northern Realty Co.,* 244 U. S. 300, 304.

Hence, as the decision of the Court of Appeals as to the effect of the writs of habeas corpus was broad enough to maintain the judgment, independently of its decision as to the constitutional question, the writ of error is

*Dismissed.*