**FERGUSON v. PEAKE, Superintendent of Washington Asylum and Jail.**

(Court of Appeals of District of Columbia. Submitted February 7, 1927. Decided March 7, 1927.)

No. 4506.

1. **Habeas corpus ⬤═4—Habeas corpus cannot take place of appeal from judgment of conviction.**

A writ of habeas corpus cannot take the place of or perform the function of an appeal from a judgment of conviction.

2. **Habeas corpus ⬤═4—Rule that habeas corpus cannot take place of appeal applies after trial as well as before.**

The rule that habeas corpus cannot take the place of or perform the function of an appeal is as applicable after trial as before.

3. **Injunction ⬤═101(2)—Provision of Clayton Act affecting disputes between employer and employee held inapplicable to person, not employee, picketing store (Police Regulations D. C. art. XXIII, § 15; Clayton Act, § 20 [Comp. St. § 1243d]).**

Clayton Act, § 20 (Comp. St. § 1243d), being applicable only to disputes concerning terms or conditions of employment between employer and employee, *held* no protection to defendant convicted under Police Regulations D. C. art. XXIII, § 15, for picketing in front of a store, where she was not, had not been, or did not desire to be, an employee.

Appeal from the Supreme Court of the District of Columbia.

Habeas corpus proceedings by Dorothy Ferguson against William L. Peake, Superintendent of the Washington Asylum and Jail. From an order denying her petition, petitioner appeals. Affirmed.

J. N. Breen, of Washington, D. C., for appellant.

F. H. Stephens and E. W. Thomas, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from an order of the Supreme Court of the District of Columbia denying the petition of appellant to be discharged in proceedings for habeas corpus from the custody of the superintendent of the Washington asylum and jail. The averments of the petition, stated in narrative form, are in substance as follows: Petitioner was tried in the police court of the District of Columbia on an information alleging violation of section 15 of article XXIII of the Police Regulations of the District, which reads: "No person shall remain in front of or enter

any store where goods are sold at retail for the purpose of enticing or in any manner interfering with any person or persons who may be in front of or who may have entered therein for the purpose of buying."

Petitioner denied that she had committed any crime or offense and that the court had "jurisdiction or lawful authority under the Constitution and laws of the United States to cause the arrest of your petitioner or to proceed against her in manner and form aforesaid." It is further averred by petitioner that a petition for writ of error was denied by the Court of Appeals of the District of Columbia, and that a petition to the Supreme Court of the United States for a writ of certiorari was denied for want of jurisdiction.

[1] That the police court of the District had jurisdiction of the person and of the offense charged is plain, and it is settled law that the writ of habeas corpus cannot take the place or perform the function of an appeal from a judgment of conviction. Doyle v. Atwell, 261 U. S. 590, 43 S. Ct. 410, 67 L. Ed. 814; Frank v. Mangum, 237 U. S. 309, 326, 35 S. Ct. 582, 59 L. Ed. 969; Henry v. Henkel, 235 U. S. 219, 229, 35 S. Ct. 54, 59 L. Ed. 203; Glasgow v. Moyer, 225 U. S. 420, 429, 32 S. Ct. 753, 56 L. Ed. 1147.

In the Frank Case, the court said: "Moreover, if he [petitioner] is held in custody by reason of his conviction upon a criminal charge before a court having plenary jurisdiction over the subject-matter or offense, the place where it was committed, and the person of the prisoner, it results from the nature of the writ itself that he cannot have relief on habeas corpus. Mere errors in point of law, however serious, committed by a criminal court in the exercise of its jurisdiction over a case properly subject to its cognizance, cannot be reviewed by habeas corpus. That writ cannot be employed as a substitute for the writ of error."

In the Glasgow Case, it was said: "The principle is not the less applicable because the law which was the foundation of the indictment and trial is asserted to be unconstitutional or uncertain in the description of the offense. Those questions, like others, the court is invested with jurisdiction to try, if raised, and its decision can be reviewed, like its decisions upon other questions, by writ of error. The principle of the cases is the simple one that, if a court has jurisdiction of the case, the writ of habeas corpus cannot be employed to retry the issues, whether of law, constitutional or other, or of fact."

In the Henry Case, the rule is thus stated: "But in all these instances, and notwithstanding the variety of forms in which the question has been presented, the court, with the exceptions named, has uniformly held that the hearing on habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of the trial court. Manifestly, this is true as to disputed questions of fact, and it is equally so as to disputed matters of law, whether they relate to the sufficiency of the indictment or the validity of the statute on which the charge is based. These and all other controverted matters of law and fact are for the determination of the trial court."

[2] This principle is as applicable after trial as before. Glasgow v. Moyer, 225 U. S. 420, 428, 32 S. Ct. 753, 56 L. Ed. 1147.

[3] It is perhaps not inappropriate to add that the result necessarily would be the same, were we free to consider the questions attempted to be raised by petitioner. The bill of exceptions forming a part of the application for writ of error (referred to in the petition) discloses that at the trial in the police court the evidence tended to show that petitioner herein, for a substantial period of time prior to her arrest, had been walking back and forth in front of the Young Men's Shop on F Street, N. W., in the District of Columbia, and, in a tone of voice sufficiently loud to be heard across the street, repeating, "This is a nonunion shop and unfair to organized labor." When a customer was about to enter the store, the formula was changed to "This shop is unfair to organized labor. Do not patronize." It further appears that the dispute between the Young Men's Shop and the Central Labor Union involved merely the question whether the former should be "organized"; that is, unionized.

No question of wages or terms of employment was involved. The employees of the Young Men's Shop had no grievance to adjust. Miss Ferguson, the petitioner herein, was not, had not been, and did not desire to be, an employee of the Young Men's Shop. In such a situation, the provisions of the second paragraph of section 20 of the Clayton Act (38 Stat. 738 [Comp. St. § 1243d]), relied on by petitioner, do not apply. American Foundries v. Tri-City Council, 257 U. S. 184, 202, 42 S. Ct. 72, 76, 66 L. Ed. 189, 27 A. L. R. 360, where the court, speaking through Mr. Chief Justice Taft, said: "The second paragraph [of the Clayton Act] applies only in cases growing out of a dispute concerning terms or conditions of employment, between an employer and employee, between employers and employees, or between

employees, or between persons employed and persons seeking employment, and not to such dispute between an employer and persons who are neither ex-employees nor seeking employment."

It results that, in either aspect of the case, the judgment below was right, and it therefore is affirmed, with costs.

Affirmed.