. ESSEX COUNTY COURT OF COMMON PLEAS.

JOHN ALMASSI, DEFENDANT-APPELLANT, v. CITY OF NEWARK, APPELLEE.

For the defendant-appellant, *Abraham I. Isserman.*

For the appellee, *Frank L. Boettner* and *John P. Manning.*

FLANNAGAN, J. This is an appeal by the defendant from a judgment and conviction of the Third Criminal Court of the city of Newark convicting him of distributing circulars on a public highway in the city without having a license to do so, in violation of section 538 of a city ordinance.

The circulars distributed without a license advertised a "Mass Demonstration" of the "Communist Party of the United States of America." The circulars purport to convey information and advocate governmental theories of a certain character eulogizing "The Soviet Union" as "the only country where the conditions of the workers are constantly improving." They urged "Recognition of the Soviet Union," "Fight for a Workers and Farmers Government in the United States."

The question here is not whether defendant could legally distribute circular notices of this particular character, or whether he might or might not have mailed or otherwise distributed them or whether he should or should not have been granted a license to distribute them had he applied for one.

The single question presented is whether or not a person can use the city streets for distribution of circular notices without a license to do so.

The ordinance prohibits unlicensed "distributing or circulating posters, circulars, handbills, samples, printed or engraved notices or other advertisements of any kind" in the streets.

Had the city a right to enact such an ordinance?

Has the city such right of supervision over its streets as to provide for the licensing of persons desiring to use them for the distribution of circular notices of meetings?

There is no constitutional right to use the streets, squares or public places of the city for the purpose of bill distributing, without a license.

The constitutional guaranty of liberty of speech and of the press does not authorize the members or officials of an organization or party to use the public streets of a city for the holding of a public meeting without the consent of the city authorities. *Harwood* v. *Trembley,* 97 *N. J. L.* 173, 175, 177.

A Boston city ordinance providing that no person shall in or upon any of the public grounds make any public address except in accordance with a permit from the mayor, is not in conflict with the constitution of the United States or with the fourteenth amendment thereof. *Commonwealth* v. *Davis,* 162 *Mass.* 510, 511, 512; *Davis* v. *Massachusetts,* 167 *U. S.* 43, 47.

So of a Mt. Vernon ordinance requiring the permit of the mayor. *People, ex rel Doyle* v. *Atwell,* 232 *N. Y.* 96, 100, 103; *dismissed,* 261 *U. S.* 590.

So of a Duquesne City ordinance requiring the permit of the mayor. *Duquesne City* v. *Fincke,* 269 *Pa.* 112, 116, 117.

There is no distinction, from a constitutional standpoint, between a requirement of a license to use the streets for public discussions or to use them to distribute circulars purporting to disseminate knowledge or views on public questions and advertising meetings for mass demonstrations.

The holding of street meetings tends to obstruct the streets while the distributing of circulars tends to clutter them up and occupies them for a purpose other than that for which they were primarily intended and dedicated, to wit, travel and locomotion. Circulars may be in such quantity and of such size and character as to render the streets so unsightly as to be almost universally objectionable, entailing substantial expense to the city in clearing them away. It is obvious the city must exercise some control of the subject and an ordinance requiring a license is a reasonable police regulation.

The cases cited by appellant are not in point.

In *Coughlin* v. *Sullivan,* 100 *N. J. L.* 42, the question involved was whether the distribution of pamphlets in stores and the giving of one pamphlet to a pedestrian on the street violated an ordinance prohibiting the distribution of pamphlets in the public streets. It was held that these acts did not violate that ordinance. No question of license was involved, the ordinance having no reference to licensing or requiring licenses.

In *Pamoplas* v. *Marinos,* 98 *N. J. L.* 665, it was held that a church is not within a municipal ordinance having reference to public places.

The conviction of the defendant, Almassi, is affirmed.