# EX PARTE BIGELOW.

## ORIGINAL.

Submitted January 19, 1885.—Decided February 2, 1885.

The Supreme Court of the District of Columbia has jurisdiction to determine whether an arraignment of a prisoner under several indictments; an order of court that the indictments shall be consolidated and tried together; an empanelling of a jury for that purpose; an opening of the case on the part of the prosecution; and a discharge of the jury at that stage in order to try the prisoner before the same jury on the indictments separately, so put the prisoner in jeopardy in regard to the offences named in the consolidated indictments, that he cannot be afterwards tried for any of those offences.

When a court has jurisdiction by law of an offence and of the person charged with it, its judgments are, in general, not nullities : an exception to this rule if relied on, must be clearly found to exist.

This was a motion for leave to file a petition for a writ of habeas corpus. The facts upon which the motion was founded appear in the opinion of the court.

*Mr. Robert Christy* for petitioner.

Mr. Justice Miller delivered the opinion of the court.

This is an application for a writ of habeas corpus to release the petitioner from imprisonment in the jail of the District of Columbia, where he is held, as he alleges, unlawfully by John S. Crocker, the warden of said jail. He presents with the petition the record of his conviction and sentence in the Supreme Court of the District to imprisonment for five years, under an indictment for embezzlement ; and this record and the petition of the applicant present all that could be brought before us on a return to the writ, if one were awarded. We are thus, on this application for the writ, placed in possession of the merits of the case.

The single point on which petitioner relies arises out of the following facts, which occurred at the trial. There were pending before the court fourteen indictments against the petitioner for embezzlement as an officer of the Bank of the Republic, and an order of the court had directed that they be consolidated

under the statute and tried together. A jury was then empanelled and sworn, and the District Attorney had made a statement of his case to the jury, when the court took a recess. Upon reconvening, a short time afterwards, the court decided that the indictments could not be well tried together, directed the jury to be discharged from further consideration of them, and rescinded the order of consolidation. The prisoner was thereupon tried before the same jury on one of those indictments and found guilty. All of this was against his protest and without his consent. The judgment was taken by appeal to the Supreme Court in general term, where it was affirmed.

It is argued here, as it was in the court in general term, that the empanelling and swearing the jury, and the statement of his case by the District Attorney, put the prisoner in jeopardy with regard to all the offences charged in the consolidated indictments, within the meaning of the Fifth Amendment of the Constitution, so that he could not be again tried for any of those offences. That amendment declares, among other things, that no person shall " be subject for the same offence to be twice put in jeopardy of life or limb; . . . nor be deprived of life, liberty or property without due process of law."

If the transaction, as thus stated, brings the prisoner's case within this principle of the Constitution, the court committed an error. On account of this error, among others assigned, the case was carried by appeal to the court in general term, where the matter was heard by other judges, and, after full consideration, the judgment of the trial court was affirmed.

No appeal or writ of error in such case as that lies to this court. The act of Congress has made the judgment of that court conclusive, as it had a right to do, and the defendant, having one review of his trial and judgment, has no special reason to complain.

It is said, however, that the court below exceeded its jurisdiction, and that this court has the power, in such case and for that reason, to discharge the prisoner from confinement under a void sentence. The proposition itself is sound if the facts justify the conclusion that the court of the District was without authority in the matter.

But that court had jurisdiction of the offence described in the indictment on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and to decide upon the defences offered by him. The matter now presented was one of those defences. Whether it was a sufficient defence was a matter of law on which that court must pass so far as it was purely a question of law, and on which the jury under the instructions of the court must pass if we can suppose any of the facts were such as required submission to the jury.

If the question had been one of former acquittal—a much stronger case than this—the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offence, and if the identity of the offence were in dispute, it might be necessary on such a plea to submit that question to the jury on the issue raised by the plea.

The same principle would apply to a plea of a former conviction. Clearly in these cases the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial it is error which may be corrected by the usual modes of correcting such errors, but that the court had jurisdiction to decide upon the matter raised by the plea both as matter of law and of fact cannot be doubted.

This Article V of the Amendments, and Articles VI and VII, contain other provisions concerning trials in the courts of the United States designed as safeguards to the rights of parties. Do all of these go to the jurisdiction of the courts? And are all judgments void where they have been disregarded in the progress of the trial? Is a judgment of conviction void when a deposition has been read against a person on trial for crime because he was not confronted with the witness, or because the indictment did not inform him with sufficient clearness of the nature and cause of the accusation?

It may be confessed that it is not always very easy to determine what matters go to the jurisdiction of a court so as to make its action when erroneous a nullity. But the general

rule is that when the court has jurisdiction by law of the offence charged, and of the party who is so charged, its judgments are not nullities.

There are exceptions to this rule, but when they are relied on as foundations for relief in another proceeding, they should be clearly found to exist.

The case of *Lange*, 18 Wall. 163, 166, is relied on here. In that case the petitioner had been tried, convicted, and sentenced for an offence for which he was liable to the alternative punishment of fine or imprisonment. The court imposed both. He paid the fine, and made application to the same court by writ of habeas corpus for release on the ground that he was then entitled to his discharge. The Circuit Court, on this application, instead of releasing the prisoner, set aside its erroneous judgment, and sentenced him to further imprisonment. This court held that the prisoner, having been tried, convicted, and sentenced for that offence, and having performed the sentence as to the fine, the authority of the Circuit Court over the case was at an end, and the subsequent proceedings were void.

In the present case no verdict, nor judgment was rendered, no sentence enforced, and it remained with the trial court to decide whether the acts on which he relied were a defence to any trial at all.

We are of opinion that what was done by that court was within its jurisdiction. That the question thus raised by the prisoner was one which it was competent to decide, which it was bound to decide, and that its decision was the exercise of jurisdiction. *Ex parte Watkins*, 3 Pet. 193, 202; *Ex parte Parks*, 93 U. S. 18, 23; *Ex parte Yarbrough*, 110 U. S. 651, 653; *Ex parte Crouch*, 112 U. S. 178.

Without giving an opinion as to whether that decision was sound or not,

*We cannot grant the writ now asked for, and it is, therefore, denied.*