## A. W. WERTZ, RESPONDENT, v. WESTERN UNION TELEGRAPH COMPANY, APPELLANT.

[Sec. 7 Utah, 446, 29 Pac. Rep. 172.]

TELEGRAPH COMPANIES.— NEGLIGENCE.— CONTRACT.— A telegraph company which stipulates in the contract upon the back of the telegram that it will not be responsible for the negligence of its agents unless the message is repeated, cannot escape liability for the negligence of its agents on the ground of the contract.

DAMAGES.—NEGLIGENCE.—PROFITS.—Where the evidence tended to show that by reason of a negligent mistake of the operator in sending a telegram, the plaintiff lost profits upon a bargain, which was shown by the telegram, *semble* that the loss of such profits was the reasonable, and proximate effect of defendant's negligence.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts, except the following:

The evidence as to damages was that the price agreed upon by the telegram was $4,000 for a certain piece of land, $1,000 in cash and the balance of the purchase price payable in six months. The evidence showed that the land was worth on the market at the time, $5,500. The owner of the land testified that he would have accepted the terms offered by the telegram.

*Messrs. Evans and Rogers* (Mr. George H. Fearons of counsel), for the appellant.

*Messrs. Smith and Smith,* for the respondent.

ZANE, C. J.:

This is an appeal by the defendant from a judgment

upon a verdict for $1,500 for the plaintiff. It appears from the evidence in the record that the plaintiff delivered to the agent of defendant at Ogden City, Utah, the following message: "I will give one thousand cash, bal. six months;" and that he directed the agent in writing to transmit the same to George W. Storer, at Eagle Rock, Idaho, and that he paid at the same time therefor fifty cents. It also appears that the message sent was as follows: "I will give one hundred cases, balc. six months." And the weight of the evidence shows that the plaintiff lost in profits as much as $1,500 in consequence of the failure to forward the message as requested, and that this failure was in consequence of the negligence of the defendant's agent. The message was written on a form upon which was printed the following provision: "It is agreed between the sender of the following message and this company that said company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated message, whether happening by negligence of its servants or otherwise, beyond the amount received for sending same." The message was not repeated nor did the plaintiff request it. In view of the foregoing provision, and of the fact that the plaintiff did not have the message repeated, appellant's counsel claim that defendant was not liable to pay more than the fifty cents received for transmission. When this case was before us at the June term, 1891, the point now made was decided, This court then said: "Public policy forbids contracts by telegraph companies exempting them from the consequences to their employers from the negligence of their agents in transmitting messages." *Wertz* v. *Telegraph Co.*, 7 Utah, 446, 27 Pac. Rep. 172. Counsel for appellant rely upon *York Co.* v. *Central Railroad*, 3 Wall. 107; *Hart* v. *Railroad Co.*, 112 U. S. 331, 5 Sup. Ct. Rep. 151; and *Liverpool and G. W. Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 9 Sup. Ct. Rep. 469. The first of

these cases holds that common carriers cannot stipulate against losses from their own negligence or misconduct. The other two cases hold that the shipper and common carrier may agree upon the value of goods shipped by a contract fairly made, and that such price would be the limit of the carrier's liability in case of loss or damage from his negligence or misconduct. Under such a contract the shipper should not deny that a price he has agreed upon is sufficient; and by such a contract the carrier may protect himself from extravagant and fanciful valuations, and fix his compensation with reference to his liability, as well as with respect to the cost of transportation. These cases do not hold that a common carrier can contract against losses from his own negligence. Though the evidence in this case shows that the plaintiff lost $1,500 from defendant's negligence, the stipulation relied upon limits its liability to fifty cents. In holding the stipulation in question valid, the court would decide that a common carrier may contract against loss from his own negligence. We find no error in this record. The judgment of the lower court is affirmed.

BLACKBURN, J., and BARTCH, J., concurred.