## In re ECKART, Petitioner.

ORIGINAL.

No. 14. Original. Submitted March 22, 1897. — Decided April 19, 1897.

When a state court has jurisdiction of an indictment for murder, and the laws of the State divide that offence into three degrees and make it the province of the jury to determine under which degree the case falls, the conviction of the accused of murder in the first degree and sentence accordingly, without a finding as to which degree he was guilty of, though erroneous, is not a jurisdictional defect, remediable by writ of *habeas corpus.*

THE case is stated in the opinion.

*Mr. Rublee A. Cole* for petitioner.

*Mr. W. H. Mylrea,* Attorney General of the State of Wisconsin, opposing.

MR. JUSTICE WHITE delivered the opinion of the court.

This is an application for the allowance of a writ of *habeas corpus,* to obtain the discharge of the petitioner from an alleged unlawful imprisonment in the Wisconsin state prison.

From the statements in the petition and return, it appears that petitioner has been detained in custody since April 13, 1878, under a judgment of the Circuit Court of Jefferson County, Wisconsin, entered upon a verdict of a jury finding him "guilty," after trial had, upon an information which charged Eckart with having "on the 13th day of December in the year 1877 at Jefferson County, State of Wisconsin, unlawfully, feloniously and of his malice aforethought killed and murdered Charles Paterson, against the peace and dignity of the State of Wisconsin." The ground relied upon to establish that the imprisonment, under the judgment referred to, was unlawful is that under the laws of Wisconsin murder is divided into three degrees, the punishment varying according to the degree, and that as the verdict in question failed to specify the degree

of murder of which the accused was found guilty, the trial court was without jurisdiction to pass sentence and judgment upon the accused, and the deprivation of liberty under such judgment is without due process of law.

It also appears from the statements in the petition and answer to the rule that in September, 1893, Eckart unsuccessfully applied to the Supreme Court of Wisconsin for the allowance of a writ of *habeas corpus*, asserting in his petition the same detention and the same grounds for his right to release as are relied upon in the present application, and that in his petition to the Wisconsin court he specially set up that he was restrained of his liberty " contrary to the Constitution of the United States and laws enacted thereunder, and without the due process of law guaranteed by the Fourteenth Amendment to that instrument."

It has been held by the Supreme Court of Wisconsin that under the statutes of that State an allegation of the commission of crime in language such as was employed in the information upon which Eckart was tried would justify a conviction of murder in either the first, second or third degree, and it has also been there held that the jury must find the degree in their verdict, in order that the court may impose the proper punishment. *Hogan* v. *State*, 30 Wisconsin, 428, 434; *Allen* v. *State*, 85 Wisconsin, 22; *La Tour* v. *State*, 67 N. W. Rep. 1138.

In its decision refusing the writ applied for by Eckart, the Supreme Court of Wisconsin held that while the conviction under the sentence in question was erroneous, the error in passing sentence was not a jurisdictional defect and the judgment was, therefore, not void. In this view we concur. The court had jurisdiction of the offence charged and of the person of the accused. The verdict clearly did not acquit him of the crime with which he was charged, but found that he had committed an offence embraced within the accusation upon which he was tried. It was within the jurisdiction of the trial judge to pass upon the sufficiency of the verdict and to construe its legal meaning, and if in so doing he erred, and held the verdict to be sufficiently certain to authorize the imposition of punishment for the highest grade of the offence charged, it

.was an error committed in the exercise of jurisdiction, and one which does not present a jurisdictional defect, remediable by the writ of *habeas corpus*. The case is analogous in principle to that of a trial and conviction upon an indictment, the facts averred in which are asserted to be insufficient to constitute an offence against the statute claimed to have been violated. In this class of cases it has been held that a trial court possessing general jurisdiction of the class of offences within which is embraced the crime sought to be set forth in the indictment is possessed of authority to determine the sufficiency of an indictment, and that in adjudging it to be valid and sufficient acts within its jurisdiction, and a conviction and judgment thereunder cannot be questioned on *habeas corpus*, because of a lack of certainty or other defect in the statement in the indictment of the facts averred to constitute a crime. *In re Coy*, 127 U. S. 731, 756 – 758, and cases there cited.

The ruling in *Ex parte Belt*, 159 U. S. 95, is also applicable. There an application was presented for leave to file a petition for a writ of *habeas corpus* directed to the superintendent of the Albany county penitentiary, in the State of New York, for the discharge of Belt from custody under a sentence of the Supreme Court of the District of Columbia. Belt had been indicted for the crime of larceny. In the course of the trial the record of a former conviction of larceny was introduced to establish that the offence for which the prisoner was then upon trial was a second offence, which fact, if established, subjected the accused to a greater punishment than would otherwise be authorized. Objection was taken to the admission of the record, on the ground that it showed a waiver of the right of trial by a jury on the part of the prisoner and a trial and conviction by the court alone without a jury, a mode of procedure claimed to be in violation of the Constitution of the United States, and rendering the subsequent proceedings null and void. The objection was overruled, and Belt was convicted and sentenced. The judgment being affirmed on appeal, Belt made the application to this court referred to, asking to be relieved from imprisonment under the alleged void sentence and judgment. It was argued on his behalf

that the constitutional requirement of trial by a jury in criminal cases could not be waived by the accused, though in pursuance of a statute authorizing such a waiver, and on the assumption that the first conviction was necessarily void, the second conviction predicated thereon was likewise a nullity. Upon the authority, however, of *Ex parte Bigelow*, 113 U. S. 328, it was held that the ground of application did not go to the jurisdiction or authority of the trial court, but was allegation of mere error, which was not reviewable on *habeas corpus*, citing on this latter proposition *In re Schneider*, 148 U. S. 162.

The case of *Ex parte Bigelow* determined that the action of a trial court in overruling a plea of former jeopardy could not be reviewed on *habeas corpus*. In the course of the opinion, the court said (p. 330):

"The trial court had jurisdiction of the offence described in the indictment, on which the prisoner was tried. It had jurisdiction of the prisoner, who was properly brought before the court. It had jurisdiction to hear the charge and the evidence against the prisoner. It had jurisdiction to hear and to decide upon the defences offered by him. The matter now presented was one of those defences. Whether it was a sufficient defence was a matter of law on which that court must pass so far as it was purely a question of law, and on which the jury, under the instruction of the court, must pass, if we can suppose any of the facts were such as required submission to the jury. If the question had been one of former acquittal — a much stronger case than this — the court would have had jurisdiction to decide upon the record whether there had been a former acquittal for the same offence, and if the identity of the offence were in dispute it might be necessary on such a plea to submit that question to the jury on the issue raised by the plea. The same principle would apply to a plea of a former conviction. Clearly in these cases the court not only has jurisdiction to try and decide the question raised, but it is its imperative duty to do so. If the court makes a mistake on such trial it is error which may be corrected by the usual modes of correcting such errors, but that the court had jurisdiction to decide upon the matter raised by the plea, both as

matter of law and of fact, cannot be doubted. . . . It may be confessed that it is not always very easy to determine what matters go to the jurisdiction of a court so as to make its action, when erroneous, a nullity. But the general rule is that when the court has jurisdiction by law of the offence charged, and of the party who is so charged, its judgments are not nullities."

In the *Belt case,* this court, speaking through Mr. Chief Justice Fuller, said (p. 99):

" Without in the least suggesting a doubt as to the efficacy, value and importance of the system of trial by jury in criminal as well as in civil actions, we are clearly of opinion that the Supreme Court of the District had jurisdiction and authority to determine the validity of the act which authorized the waiver of a jury and to dispose of the question as to whether the record of a conviction before a judge without a jury, where the prisoner waived trial by jury according to statute, was legitimate proof of a first offence, and this being so, we cannot review the action of that court and the Court of Appeals in this particular on *habeas corpus.*"

The case presented by the record is not within any of the exceptions to the general rule, that when a court has jurisdiction by law of the offence charged, and of the party who is so charged, its judgments are not nullities which can be collaterally attacked. The writ of *habeas corpus* cannot be made to perform the functions of a writ of error. *United States* v. *Pridgeon,* 153 U. S. 48. It follows that

*The rule must be discharged and the writ refused.*