THE DEFENDER (three cases).

(Circuit Court of Appeals, Second Circuit. November 1, 1926.)

Nos. 62–64.

1. Towage ⬅11(1).

Tug, greatly deviating from compass course in short distance, *held* not managed with ordinary care.

2. Towage ⬅12(1).

Boats in tow cannot be held at fault for injuries because of deviation from course, since they could not have affected drift of tow, if they had attempted to steer.

Appeals from the District Court of the United States for the Northern District of New York.

Separate libels by Joseph Leonard, by Henry Patnode, and by William Malia against the steam tug Defender, her engines, etc.; Lake Champlain Transportation Company, claimant. Decrees for libelants, and claimant appeals. Affirmed.

O. A. Dennis, of Whitehall, N. Y., for appellant.

Macklin, Brown & Van Wyck, of New York City (Paul Speer, of New York City, of counsel), for appellees.

Before HOUGH, MANTON, and MACK, Circuit Judges.

PER CURIAM. [1, 2] We are of opinion that the tug was not managed with ordinary skill, because steering by compass she deviated from her course so greatly in so short a distance. We think no fault is attributable to the boats in tow that were injured, because, if they had attempted to steer, they could not have affected the drift of the tow. We think the testimony for the boats Catherine and Fallon was sufficient to show that they received some injuries on the reef off Valcour Island.

Decrees affirmed, with costs.

VAN METER v. SNOOK, Warden, etc.

(Circuit Court of Appeals, Fifth Circuit. October 19, 1926.)

No. 4914.

1. Habeas corpus ⬅30(1).

Alleged error of trial court in ruling on matter set up as defense is not subject to review on habeas corpus.

2. Habeas corpus ⬅30(1).

If trial court's ruling on matter set up as defense is erroneous, error will not render judgment of conviction a nullity as regards right to discharge on habeas corpus.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Habeas corpus by Edward Van Meter against John W. Snook, Warden of the United States Penitentiary, Atlanta, Ga. From an order denying a discharge, petitioner appeals. Affirmed.

Edward Van Meter, in pro. per.

J. W. Henley, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. This is an appeal from an order denying a discharge under a writ of habeas corpus. The attack on the judgment of conviction under which appellant was held was based on the action of the trial court in overruling a plea of former conviction; that court's jurisdiction of the offense charged and of the appellant not being impeached.

[1, 2] The ground of attack on the judgment being a mere asserted error of the trial court in ruling on a matter set up as a defense, that action of the trial court is not subject to be reviewed on habeas corpus. Ex parte Bigelow, 113 U. S. 328, 5 S. Ct. 542, 28 L. Ed. 1005; In re Eckart, Petitioner, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; 29 C. J. 45. If the attacked ruling was erroneous, the error did not have the effect of rendering the judgment of conviction a nullity.

The order is affirmed.