## KASTEL v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
Feb. 4, 1929.

No. 265.

Edward J. McCrossin, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Ellamarye Failor, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM. The appellant was convicted and sentenced for a violation of section 215, U. S. Criminal Code (18 USCA § 338). Upon the appeal from that conviction, we affirmed. Kastel v. United States, 23 F.(2d) 156. Appellant's present

plea is based upon the claim of former jeopardy. It is grounded upon the contention that at one of the trials, had prior to the trial resulting in his conviction, the jury, in disagreement, was discharged by a clerk of the court without their request to be relieved from further deliberations; that they at no time declared their inability to agree. We considered this question when the case was here before. The present record differs only in that affidavits are submitted as to what occurred in the jury's deliberation and at the time of their discharge. But they add nothing new to the former record. They do supplement affidavits offered in support of the plea of former jeopardy at the trial which resulted in appellant's conviction. But a fundamental objection requires our affirming the order of dismissal. The plea of former jeopardy may not be reviewed on habeas corpus. Ex parte Bigelow, 113 U. S. 328, 5 S. Ct. 542, 28 L. Ed. 1005; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; Van Meter v. Snook (C. C. A.) 15 F.(2d) 377.

Order affirmed.