## CLAWANS v. RIVES.
### No. 7181.

United States Court of Appeals for the District of Columbia.

Decided March 20, 1939.

Levi H. David, of Washington, D. C., and F. D. Masucci, of Newark, N. J., for appellant.

Elwood H. Seal, Corp. Counsel, and Vernon E. West and James W. Lauderdale, Asst. Corp. Counsels, for appellee.

Before GRONER, Chief Justice, and STEPHENS and EDGERTON, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia discharging a writ of habeas corpus and dismissing the petition on which the writ was issued. To the petition filed below by the appellant, a return and answer was filed by the appellee and issue was joined thereon. The trial court refused to hear evidence, and discharged the writ and dismissed the petition, apparently upon the theory that, assuming the truth of the facts stated in the petition and in certain exhibits attached thereto, no legal basis for the issuance of the writ existed. We must therefore on this appeal treat the allegations of fact as true, and determine the case as if there had been a motion to dismiss for lack of statement of a cause of action.

The pertinent facts set forth in the petition and exhibits are as follows: On June 8, 1935, the appellant was charged by Information No. 1,087,520, filed in the Police Court of the District of Columbia, with the offense of disorderly conduct. This information will be referred to for conveni-

ence as Information No. 1 and the case under it as Case No. 1. On December 10, 1935, the appellant filed a motion to quash this information. On December 21, 1935, Case No. 1 was called for trial and a witness for the District of Columbia was called and examined by the Assistant Corporation Counsel and gave testimony tending to support the allegations in the information, and other evidence was placed before the court. On December 30, 1935, the Assistant Corporation Counsel moved to dismiss the case, and over the objection of the appellant a *nolle prosequi* was entered. On the same day, a second information, No. 1,100,748, was filed. This information was in identical terms with Information No. 1, and charged the appellant with the same disorderly conduct. This information will be referred to for convenience as Information No. 2 and the case under it as Case No. 2. On January 7, 1936, a motion to quash Information No. 2 was filed. This motion was denied on January 25, 1936. On the same day Case No. 2 came on to be tried. When the case was called, the appellant refused to plead upon the ground that by the calling of a witness in and the subsequent dismissal of Case No. 1, she had been subjected to jeopardy, and that she could not, under the Fifth Amendment to the Constitution, be put twice in jeopardy for the same offense. The Police Judge, over the objection of the appellant, then directed the entry of a plea of not guilty. On June 2, 1936, Case No. 2 was tried and the appellant was found guilty; and after the overruling of a motion for a new trial, the appellant was sentenced to pay a fine of five dollars or serve five days in jail. She elected the jail sentence and was released on bail pending application for a writ of error. The proceedings under both informations were before the court alone, without a jury.

A writ of error was applied for by the appellant and denied; a petition for reconsideration of the application for the writ was also denied.[1] A petition for certiorari was then filed in the United States Supreme Court, but was denied.[2] Application for a reconsideration of the petition for the writ of certiorari was denied.[3]

■ Attacking the validity of her conviction in Case No. 2, the appellant relies upon the Fifth Amendment to the United States Constitution providing that no person shall be subject for the same offense to be twice put in jeopardy of life or limb.[4] Under the facts stated the appellant was put in jeopardy in Case No. 1. Jeopardy attaches in a case without a jury when the accused has been subjected to a charge and the court has begun to hear evidence. People v. Goldfarb, 1912, 152 App.Div. 870, 138 N.Y.S. 62, affirmed, 1914, 213 N.Y. 664, 107 N.E. 1083; Commonwealth v. Hart, 1889, 149 Mass. 7, 20 N.E. 310; Rosser v. Commonwealth, 1933, 159 Va. 1028, 167 S.E. 257. See McCarthy v. Zerbst, 10 Cir., 1936, 85 F.2d 640; People v. Garcia, 1931, 120 Cal.App.Supp. 767, 7 P.2d 401.[5] The rule as usually stated requires also arraignment and a plea, but this has been upon the theory that a conviction is void unless issue has been joined by arraignment and plea. United States v. Riley, 1864, Fed. Cas.No. 16,164; Sears v. State, 1925, 89 Fla. 490, 104 So. 857; State v. Horine, 1904, 70 Kan. 256, 78 P. 411. But it has been held in Garland v. Washington, 1914, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, that in criminal trials before United States courts the requirement of arraignment and plea is merely formal, and that a conviction in the absence thereof does not deprive the defendant of any substantial rights. As the offenses charged in the cases were identical and as the appellant was tried in the second case (and convicted), she was thus twice put in jeopardy. This made the conviction void. In re Snow, 1887, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Ex parte Hans Nielsen, Petitioner, 1889, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118.

■ But the appellee contends that it is not permissible to attack the judgment in the second case by showing facts outside the record—that the facts showing former jeopardy must appear on the face of the record in the case in which the sentence was imposed. And the appellee says

---

[1] Clawans v. District of Columbia, 1937, 67 App.D.C. 58, 89 F.2d 802.

[2] 1937, 301 U.S. 692, 57 S.Ct. 794, 81 L.Ed. 1348.

[3] 1937, 301 U.S. 715, 57 S.Ct. 936, 81 L.Ed. 1366.

[4] The phrase "life or limb" has not been construed strictly; it applies to any criminal penalty. Ex parte Lange, 1873, 18 Wall. 163, 21 L.Ed. 872.

[5] This rule is of course subject to the qualifications discussed in Pratt v. United States, 70 App.D.C. 7, 102 F.2d 275, decided by this Court on February 20, 1939.

that nothing in the record in Case No. 2 shows that Case No. 1 went to trial. But it is not the law that facts outside the record cannot be shown. In re Mayfield, 1891, 141 U.S. 107, 11 S.Ct. 939, 35 L.Ed. 635; Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. However it is the law that facts inconsistent with the record cannot be shown. Riddle v. Dyche, 1923, 262 U.S. 333, 43 S.Ct. 555, 67 L. Ed. 1009; and see Ex parte Cuddy, Petitioner, 1889, 131 U.S. 280, 286, 9 S.Ct. 703, 33 L.Ed. 154. And the appellee contends that the facts asserted by the appellant are inconsistent with the record in this: (1) It appears from the record in Case No. 1 that the appellant filed a motion to quash the information, and the record in that case does not show that this had been yet ruled upon when the *nolle prosequi* was entered. Therefore, says the appellee, to show that Case No. 1 went to trial is to show something inconsistent with the record, this for the reason that the case would not have been tried until the motion was disposed of. While in the usual course a motion to quash an information will be ruled upon before a case is called for trial, this is not requisite. The motion to quash may have been held in abeyance while the trial proceeded. Further, this asserted inconsistency is not an inconsistency with the record in the case in which the sentence was imposed. (2) The record in Case No. 2 shows that the appellant would not enter a plea because she "insisted she appeared specially," and the appellee asserts that it would be inconsistent with this for the appellant to show that she refused to plead on the ground of former jeopardy. We think there is no inconsistency here. On the contrary, the record seems to us to indicate that the appellant, instead of pleading to the merits, was attempting to insist upon some other type of objection. An oral plea of former jeopardy is permissible. In re Snow, supra; and Ex parte Hans Nielsen, Petitioner, supra.

The appellee further contends that the action of a trial court in overruling a plea of former jeopardy is not reviewable on habeas corpus and relies for this upon Ex parte Bigelow, 1885, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005. That case, looked at alone, supports the appellee's position. The case arose on an original petition for habeas corpus. The petitioner had been charged with embezzlement in fourteen separate indictments. A trial was commenced upon all of these indictments consolidated, but during the trial the judge discharged the jury, rescinded the order of consolidation, and then tried the petitioner before the same jury on one of the indictments, and the petitioner was found guilty. The case was in the District of Columbia before 1893 and appeal was therefore to the General Term, which affirmed the conviction. The statute allowed no appeal to the Supreme Court of the United States. On the petition for the writ of habeas corpus, that Court held that the alleged error in subjecting the defendant to a second trial was one which could not be attacked on habeas corpus. The appellee refers to a number of cases as citing Ex parte Bigelow with approval: Whitten v. Tomlinson, 1895, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; In re Frederick, Petitioner, 1893, 149 U.S. 70, 13 S.Ct. 793, 37 L.Ed. 653; Felts v. Murphy, 1906, 201 U.S. 123, 26 S.Ct. 366, 50 L.Ed. 689; In re Belt, Petitioner, 1895, 159 U.S. 95, 15 S.Ct. 987, 40 L.Ed. 88; Capone v. Aderhold, 5 Cir., 1933, 65 F.2d 130; Ferguson v. Peake, 1927, 57 App.D.C. 124, 18 F.2d 166; In re Eckart, 1897, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085; Kastel v. United States, 2 Cir., 1929, 30 F.2d 687; Van Meter v. Snook, 5 Cir., 1926, 15 F.2d 377; and Hovey v. Sheffner, 1908, 16 Wyo. 254, 93 P. 305, 15 Ann.Cas. 318, 125 Am.St.Rep. 1037, 15 L.R.A.,N.S., 227.

Whitten v. Tomlinson, and In re Frederick, Petitioner, are cases wherein collateral attack by habeas corpus was forbidden upon the ground that remedies available in direct attack had not yet been exhausted. Felts v. Murphy; In re Belt, Petitioner; Capone v. Aderhold and Ferguson v. Peake are all cases where habeas corpus was held not to be a proper remedy for the reason that the error alleged was not one which affected the jurisdiction to impose the sentence attacked in the petition for the writ. None of these four cases involved double jeopardy. In re Eckart was an original application for habeas corpus attacking a sentence in a state court based upon a verdict which found the petitioner guilty of murder but failed to specify the degree. It was held that this was not a jurisdictional defect and that habeas corpus was therefore not available. The case therefore falls within the second group above. However, in the course of the opinion, the Court said that the action of a trial court in overruling a plea of former jeopardy could not be reviewed on habeas corpus, citing Ex

244

parte Bigelow.[6] The dictum in In re Eckart and the holdings in Kastel v. United States; Van Meter v. Snook and Hovey v. Sheffner follow the rule announced in Ex parte Bigelow.

We are, however, constrained to hold that Ex parte Bigelow has been overruled by the Supreme Court. In Ex parte Hans Nielsen, Petitioner, 1889, 131 U.S. 176, 9 S. Ct. 672, 33 L.Ed. 118, the petitioner had been indicted for unlawful cohabitation and also for adultery. He pleaded guilty to the first indictment and was sentenced and imprisoned thereunder. When the second indictment came on to be tried, he entered a plea of former conviction in which he set forth the facts of prior indictment, plea and conviction, urging that the two offenses were identical. A demurrer was filed to this plea and was sustained, and the petitioner was then tried, found guilty and sentenced. He then sought to attack, by petition for writ of habeas corpus filed in a District Court for the Territory of Utah, this second conviction, asserting the facts just stated and claiming that the court had no jurisdiction to pass judgment against him upon more than one of the indictments —that he was being punished twice for one and the same offense. The writ was refused. On appeal to the Supreme Court it was urged by the Solicitor General on behalf of the United States that the petition did not show want of jurisdiction but only alleged errors in the exercise of jurisdiction, and that if the judgment of the court in sustaining the demurrer in the second criminal case was wrong it was an error which might render the judgment voidable, but not void for want of power, and that therefore the writ of habeas corpus would not lie because that writ should not be converted into a mere writ of error. For this proposition Ex parte Bigelow, among other cases, was urged. The Supreme Court nevertheless held that it was error to refuse the writ.

"A party is entitled to a *habeas corpus*, not merely where the court is without jurisdiction of the cause, but where it has no constitutional authority or power to condemn the prisoner. As said by Chief Baron Gilbert, in a passage quoted in Ex parte Parks, 93 U.S. 18, 22 [23 L.Ed. 787], 'If the commitment be against law, as being made by one who had no jurisdiction of the cause, or for a matter for which by law no man ought to be punished, the court are to discharge.' This was said in reference to cases which had gone to conviction and sentence. Lord Hale laid down the same doctrine in almost the same words. 2 Hale's Pleas of the Crown, 144. And why should not such a rule prevail *in favorem libertatis?* If we have seemed to hold the contrary in any case, it has been from inadvertence. The law could hardly be stated with more categorical accuracy than it is in the opening sentence of Ex parte Wilson, 114 U.S. 417, 420 [5 S.Ct. 935, 29 L.Ed. 89], where Mr. Justice Gray, speaking for the court, said: 'It is well settled by a series of decisions that this court, having no jurisdiction of criminal cases by writ of error or appeal, cannot discharge on *habeas corpus* a person imprisoned under the sentence of a Circuit or District Court in a criminal case unless the sentence exceeds the jurisdiction of that court, or there is no authority to hold him under the sentence.' This proposition, it is true, relates to the power of this court to discharge on *habeas corpus* persons sentenced by the Circuit and District Courts; but, with regard to the power of discharging on *habeas corpus,* it is generally true that, after conviction and sentence, the writ only lies when the sentence exceeds the jurisdiction of the court, or there is no authority to hold the defendant under it. In the present case, the sentence given was beyond the jurisdiction of the court, because it was against an express provision of the Constitution, which bounds and limits all jurisdiction." [131 U.S. at pages 184, 185, 9 S.Ct. 672, 33 L.Ed. 118.]

Although Ex parte Bigelow was not mentioned in the opinion of the Supreme Court under discussion, we see no escape from the conclusion that it was overruled.[7] This being so, the decisions of state and lower Federal courts cited as following Ex parte Bigelow must be disregarded.

In the instant case as in Ex parte Bigelow and Ex parte Hans Nielsen, Petitioner, the objection to the second conviction was based upon the constitutional guarantee against double jeopardy. It does not appear clearly in the record under Informa-

---

[6] Ex parte Bigelow was cited also in Carter v. McClaughry, 1902, 183 U.S. 365, 388, 22 S.Ct. 181, 46 L.Ed. 236. In that case the issue whether habeas corpus was a proper remedy was raised but not decided, the case going off on other grounds.

[7] But see L. Hand, J., dissenting, in Ex parte Craig, 2 Cir., 1922, 282 F. 138, 156.

tion No. 2 whether the trial court sustained a demurrer to the plea of former jeopardy or simply refused to consider it. The petitioner alleges merely that she urged upon the Police Court that she could not again be placed in jeopardy for the same offense and further alleges: "Nevertheless, the said Police Court directed the clerk of the said Court to enter a plea of not guilty for your petitioner, upon the record of the said Court, to which ruling your petitioner duly noted an exception." But if the Police Judge did not pass upon the plea, his refusal to do so was equivalent to holding that it was insufficient as a matter of law. Ex parte Hans Nielsen, Petitioner, clearly holds that such a holding may be attacked by habeas corpus. The appellee attempts to distinguish Ex parte Hans Nielsen, Petitioner, saying that there "double jeopardy was conclusively established by a prior judgment of conviction, the imposition of sentence and the execution of that sentence. In this [the instant] case, as in the Bigelow case, the question of whether jeopardy had attached in the former proceeding was a question of fact to be determined by the trial court." But this is not true in respect of the instant case since, as we have just pointed out, the action of the Police Judge was the equivalent of a ruling that the appellant's plea was insufficient as a matter of law. Whether this is true also of Ex parte Bigelow does not appear in the statement of that case.

■ The appellee appears also to urge a distinction between Ex parte Hans Nielsen, Petitioner, on the one hand and Ex parte Bigelow and the instant case on the other, in that in Ex parte Hans Nielsen, Petitioner, the first proceeding had terminated in a judgment of conviction; whereas in Ex parte Bigelow and in the instant case it had not. But "The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted, is equally put in jeopardy at the first trial." United States v. Ball, 1896, 163 U.S. 662, 669, 16 S.Ct. 1192, 41 L.Ed. 300; see Kepner v. United States, 1904, 195 U.S. 100, 129, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655.

■ We conclude that the allegations of the petition in the instant case were, if proved, sufficient to entitle the appellant to the relief asked. The court should therefore have heard evidence on the issues raised upon the pleadings. The order of the District Court is therefore

Reversed and the case remanded for further proceedings in accordance with this opinion.