Louis BOISEN, Petitioner,

v.

UNITED STATES of America, Respondent.

United States District Court
S. D. New York.

Feb. 26, 1960.

Louis Boisen, appellant, pro se.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for United States, by Thomas D. Edwards, Asst. U. S. Atty., New York City.

IRVING R. KAUFMAN, District Judge.

Petitioner moves pursuant to 28 U.S. C. § 2255 for an order vacating a judgment of conviction entered July 17, 1957. The indictment under which petitioner was convicted alleged that on or about March 27, 1957 petitioner and another sold a quantity of heroin and conspired to do so, in violation of 21 U.S.C.A. §§ 173 and 174.

Petitioner pleaded not guilty and jury trial was begun on July 12, 1957 which ended in a mistrial on July 15th when one of the jurors became ill and was unable to continue. No alternate jurors had been empanelled. A second jury trial was commenced on July 15th and ended on July 17th with a verdict of guilty. Petitioner was sentenced to six years imprisonment. No appeal was taken.

■■ The petition appears to allege three grounds for vacation of the conviction. The first of these has to do with certain rulings on evidence by the trial judge, specifically dealing with the extent of the defendant's right to inspect reports of a government-agent witness, one Gabriel Dukas. Assuming for the purposes of this petition only that the trial Court's ruling as to this material was incorrect, that fact still would not be a basis for relief under section 2255. It is axiomatic that 28 U.S.C. § 2255 may not be used in lieu of an appeal, to correct errors in the course of the trial. In a recent case in this circuit it was expressly held that a ruling on evidence incorrect in light of the decision in Jencks v. United States, 1957, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, could not be raised by a motion under 28 U.S. C. § 2255. United States v. Angelet, 2 Cir., 1958, 255 F.2d 383, 384. There the Court stated:

"Only when there has been a deprivation of rights so fundamental as to amount to a denial of a fair trial can the conviction and sentence be set aside under § 2255. * * * Nothing of that nature appears here."

■ Petitioner's second ground is equally meritless. Pointing to the fact that he was retried after his first trial had been declared a mistrial due to the illness of a juror, he makes an apparent claim of double jeopardy.

■ It appears to be the law that a claim of double jeopardy may not be raised under section 2255. See Ex parte Bigelow, 1885, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005; Kastel v. United States, 2 Cir., 1929, 30 F.2d 687; cf. Palko v. State of Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; (double jeopardy not denial of due process); But see Clawans v. Rives, 1939, 70 App.D.C. 107, 104 F.2d 240, 122 A.L.R. 1436. Moreover, it has long been established that discharging a jury before verdict is within the discretion of the trial court, and a second trial after a discharge because of the incapacity of a juror does not amount to double jeopardy. See United States v. Perez, 1824, 9 Wheat 579, 580, 22 U.S. 579, 580, 6 L.Ed. 165; United States v. Potash, 2 Cir., 1941, 118 F.2d 54, certiorari denied, 313 U.S. 584, 61 S.Ct. 1103, 85 L.Ed. 1540. Nor does the power given to a judge by Rule 24(c) of the Federal Rules of Criminal Procedure, 18 U.S.C. to empanel alternate jurors lead to any different result. That power is clearly discretionary, and a failure to provide alternate jurors does not deprive a defendant of any rights. Nor is there any in-

dication that a request for alternate jurors was made and denied by the Court.

 Petitioner's last contention is that he was convicted on the basis of allegedly perjured testimony of United States Treasury Agent Gabriel Dukas. The knowing use by the government of prejured testimony in order to obtain a conviction would, if proved, be grounds for vacation of conviction under section 2255. See, e. g. United States v. Rosenberg, 2 Cir., 1952, 200 F.2d 666, certiorari denied, 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384. "But a defendant has the burden of making a showing, not only that material perjured testimony was used to convict him but that it was knowingly and intentionally used by the prosecuting authorities in order to do so." United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140, 142. In the instant petition there is not even a direct allegation that the allegedly perjured testimony was knowingly and intentionally used. Even if such a charge may be read by innuendo out of the petition, it remains a mere conclusory allegation, unsupported by any facts.

Indeed, the charge of perjury itself is also merely a conclusory allegation without more. The petitioner points to an occasional difference in detail between Agent Dukas' testimony at the first and second trials, but read in context those differences appear clearly to be trivial and insignificant. In short, taking every allegation by the petitioner to be true, there is no basis for relief under section 2255. That being so, there is no need for any hearing. See United States v. Rosenberg, supra, 200 F.2d at page 668; Clawans v. Rives, supra, 104 F.2d at page 241. As was said in United States v. Spadafora, supra, 200 F.2d at page 143:

"In order to obtain a hearing under Sec. 2255, a petitioner must make a more substantial showing than merely charging perjury and making the unsupported claim that perjured testimony was knowingly used by the prosecuting authorities.

Nor does he meet the burden upon him by pointing out trivial inconsistencies or conflicts in the evidence."

Thus, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" (28 U.S.C. § 2255) and the motion is accordingly denied.

So ordered.