DISTRICT OF COLUMBIA, Appellant,

v.

Miller A. DIXON, Appellee.

Nos. 4071, 4072.

District of Columbia Court of Appeals.

Argued April 17, 1967.

Decided June 13, 1967.

David P. Sutton, Asst. Corporation Counsel, with whom Milton D. Korman, Acting Corporation Counsel at the time the brief was filed, Hubert B. Pair, Acting Principal Asst. Corporation Counsel at the time the brief was filed, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellant. Charles T. Duncan, Corporation Counsel, also entered an appearance for appellant.

Barrington D. Parker, Washington, D. C., for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

In this case, which involved two traffic violations, the District of Columbia appeals from a finding of "not guilty," entered after the prosecutor had asked for a continuance and been refused, and had then announced his intention to enter nolle prosequis. The two cases had earlier been continued three times at the request of defendant, three times by mutual consent, and once at the request of the prosecution. On March 31, 1966, the prosecutor asked for a further continuance on the ground that one of two policemen had become ill and had gone home with a temperature of 101 degrees, and that the prosecutor needed the testimony of both police officers. When the trial judge refused to grant a continuance the prosecutor stated that he would enter nolle prosequis. The judge refused to give him the information papers and directed him to proceed with his one witness. The prosecutor declining to proceed, the judge ordered that findings of not guilty be entered. No witnesses had been sworn, no evidence presented, and no motion made by defense counsel to dismiss for failure to prosecute or on any other ground.

■ It appears that the trial judge considered dismissing the cases for lack of a speedy trial if a motion for such dismissal had been made by defense counsel; but no such motion was made and the action taken was not a dismissal for want of prosecution but a finding of not guilty following refusal to permit nolle prosequis. Both actions were wrong.

■ A court has no power to enter a finding of not guilty until a trial has at least commenced. See Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 122 A.L.R. 1436 (1939); Hunter v. Wade, 169 F.2d 973, 8 A.L.R.2d 277 (10th Cir. 1948), aff'd, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949), rehearing denied, 337 U.S. 921, 69 S.Ct. 1152, 93 L.Ed. 1730.

■ Three times within the past couple of years we have ruled that a prosecutor has the right to decide whether to nol-pros a case. In one case we said such right is "almost absolute." Smith v. District of Columbia, D.C.App., 219 A.2d 842, 844 (1966). In two other cases we said such right is not subject to judicial control unless exercised by the prosecution in a scandalous or corrupt manner, or shown to be "capricious and vexatiously repetitious." United States v. Foster, D.C.App., 226 A.2d 164,

166 (1967); District of Columbia v. Weams, D.C.App., 208 A.2d 617, 618 (1965). Such did not appear in the case now before us.

Reversed with instructions to vacate findings of not guilty.