Chester R. NEWMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 4367.

District of Columbia Court of Appeals.

Argued Jan. 22, 1968.

Decided March 15, 1968.

Rehearing Denied March 29, 1968.

William J. Garber, Washington, D. C., for appellant.

Carl S. Rauh, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker, William G. Reynolds, Lawrence Shinnick, and David C. Woll, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

HOOD, Chief Judge:

Appellant was charged by information with violation of D.C.Code 1967, § 22–3203, which makes it unlawful for one to own or have in his possession a pistol if he has previously been convicted of possession of a prohibited weapon in violation of D.C. Code 1967, § 22–3214. When the case came on for hearing before a judge without a jury, all witnesses, including defendant, were sworn in a group. Before any witness took the stand, or any evidence had been received, the prosecuting attorney requested and obtained a three day continuance. On the continued date the prosecuting attorney announced that the Government could not go forward with the charge because it could not prove the previous conviction, and that the Government would nolle prosse the pending charge and bring a new charge of carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204. Appellant's counsel objected to

the nolle prosse on the ground that jeopardy had attached and that a second conviction would be barred by a claim of former jeopardy. Over his objection the court permitted the nolle prosse and a new information was filed.

Appellant sought to have the second information dismissed on the ground of former jeopardy but the motion was denied and he was found guilty of the charge.

Two questions are presented on this appeal. Did jeopardy attach in the first proceeding? If so, was prosecution under the second information barred by the claim of double jeopardy?

The question of when jeopardy attaches in a non-jury case is not easily answered. We have said: "As a general rule, jeopardy attaches when a jury has been impaneled and sworn or when the court, sitting without a jury, begins the hearing of evidence." [1] In so ruling we followed Clawans v. Rives, 70 App.D.C. 107, 109, 104 F.2d 240, 242, 122 A.L.R. 1436 (1939), where it was said: "Jeopardy attaches in a case without a jury when the accused has been subjected to a charge and the court has begun to hear evidence." These statements do not define the exact point at which the court "begins to hear evidence." Appellant contends that point is reached when the first witness is sworn.[2] The Government argues that the court does not begin to hear evidence until the first witness has made some statement from the witness stand. We find it unnecessary to decide this interesting question, because we are of opinion that even if jeopardy did attach on the first charge, it was no bar to the second charge.

■ The constitutional provision against double jeopardy "is not properly invoked to bar a second prosecution unless the 'same offence' is involved in both the first and second trials." United States v. Ewell, 383 U.S. 116, 124, 86 S.Ct. 773, 778, 15 L.Ed.2d 627 (1966). In Sims v. Rives, 66 App.D.C. 24, 29, 84 F.2d 871, 876 (1936), cert. denied, 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402 (1936), the court, quoting from Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L. Ed. 1153 (1915), said: "the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." [3]

■ Applying the above stated test, it is clear that the two informations charged separate and distinct offenses. Conviction under the first required proof of possession of a pistol and proof of the former conviction. Under the second proof was required that appellant "carried" a pistol at some place other than his dwelling house or place of business, and proof that he was not licensed to carry a pistol. Therefore, assuming but not deciding that jeopardy attached in the first proceeding, the plea of double jeopardy for the same offense was not a valid plea.[4]

Affirmed.

1. United States v. Foster, D.C.App., 226 A.2d 164, 166 (1967).

2. In United States v. Dickerson, 168 F. Supp. 899, 902 (D.D.C.1958), reversed on other grounds, 106 U.S.App.D.C. 221, 271 F.2d 487 (1959), Judge Holtzoff said that "if a trial is commenced either by the empanelling of a jury in a jury trial, or by calling or swearing the first witness at a non-jury trial, jeopardy attaches."

3. See also District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17 (1942), cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942).

4. See Young v. United States, 109 U.S.App. D.C. 414, 288 F.2d 398 (1961), cert. denied, 372 U.S. 919, 83 S.Ct. 734, 9 L. Ed.2d 725 (1963); Kendrick v. United States, 99 U.S.App.D.C. 173, 238 F.2d 34 (1956).