Chester R. NEWMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 21814.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 27, 1968.

Decided March 10, 1969.

Petition for Rehearing Denied April 11, 1969.

Mr. William J. Garber, Washington, D. C., for appellant.

Mr. Carl S. Rauh, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and David C. Woll, Asst. U. S. Attys., were on the brief, for appellee.

Messrs. William G. Reynolds, Jr. and Lawrence E. Shinnick, Asst. U. S. Attys., also entered appearances for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and BURGER, Circuit Judge.

## PER CURIAM:

The appellant contends that his conviction for carrying a pistol without a license, 22 D.C.Code § 3204 (1967), violates the constitutional prohibition against double jeopardy because of a former prosecution arising out of the same transaction for unlawful possession of a pistol after a previous weapons offense conviction, 22 D.C.Code § 3203(4) (1967). The former prosecution, in which the appellant waived his right to a jury trial, terminated when the Government entered a *nolle prosequi* after the witnesses in the case were sworn, but before the first witness had begun to testify.

The Government argues that jeopardy had not attached in the first proceeding and, alternatively, that reprosecution was not barred under the Fifth Amendment because the offenses involved required different evidentiary proof. Because we agree that jeopardy had not attached, we do not need to confront the prickly question of under which circumstances a second prosecution is barred for a technically different statutory offense arising out of a single transaction.

■ Both parties agree with the general rule that "Jeopardy attaches in a case without a jury when the accused has been subjected to a charge and the court has begun to hear evidence." Clawans v. Rives, 70 App.D.C. 107, 109, 104 F.2d 240, 242, 122 A.L.R. 1436 (1939); *accord,* Hunter v. Wade, 169 F.2d 973, 975, 8 A.L.R.2d 277 (10th Cir.1948), aff'd on other grounds, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). The problem, never confronted before by this Court, is when the court "has begun to hear evidence." The appellant, relying upon an unsupported dictum of the District Court in United States v. Dickerson, 168 F.Supp. 899, 902 (D.D.C.1958), rev'd on other grounds, 106 U.S.App.D. C. 221, 271 F.2d 487 (1959), argues the hearing of evidence is begun by "calling or swearing the first witness."

■■ The Government would interpret the words to mean just what they state—to actually hear evidence. This approach has a refreshing quality of common sense to recommend it. The Government interpretation also provides a test more congruent to that applied in a case tried to a jury. Jeopardy attaches there when the jury has been impaneled and sworn. The Government argues that just as the prosecutor takes his first affirmative step into trial by selecting and swearing the jury, the equivalent step is taken in a non-jury case when the first witness is actually placed on the stand and begins to testify. In the Court of General Sessions, where this case arose, the witnesses are commonly sworn as a group as soon as the case is called. Various pre-trial motions may then follow before trial actually begins. Hence, argues the Government, the swearing of witnesses represents not an affirmative step into trial by the Government, but an administrative procedure followed for the convenience of the court.

We agree with this analysis, and accordingly conclude that jeopardy did not attach in this case. The conviction is therefore affirmed.

Affirmed.