HENDRY, Judge.
This is an appeal by the state from an order of the Criminal Court of Record of . Dade County, Florida, dismissing an information on the ground of former jeopardy. The appellee has cross assigned as error the granting of the motion for continuance.
It appears that on May 6, 1969, the defendant, Richard Bernard was charged with unlawful sale of heroin and the unlawful possession of heroin. He entered a plea of not guilty and waived trial by jury. On May 14, 1970, the case appeared on the trial calendar ready for trial. All the witnesses were sworn and the witness rule was invoked. Thereupon the trial judge indicated he was ready to proceed to take testimony and resolve the issues in the non-jury trial. After the witnesses were sworn the court granted the defendant’s motion to exclude the testimony on the ground that the state had not complied with the discovery provisions of the Florida Rules of Criminal Procedure. The state then announced a nolle prosequi over defendant’s objection. Thereafter the court upon motion of the defense found the defendant not guilty.
On May 20, the state filed a second information charging the defendant with the same offenses.
The defendant moved to dismiss the latter information on the ground of former jeopardy. The trial judge granted defendant’s motion and dismissed the cause.
The state seeks reversal of the trial court’s order of dismissal and argues that the court erred in ruling that the defendant was entitled to dismissal of his case on the ground of former jeopardy. It is the state’s contention that jeopardy had not attached because no evidence had been heard. The defendant takes the position that jeopardy in a non-jury trial attached upon the swearing of the witnesses.
In jury trials, it is well settled that a person is in legal jeopardy when he is put on trial before a competent court on a sufficient indictment or information and a jury has been impaneled and sworn. Allen v. State (1906), 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann.Cas. 1085.
 The sole question for our determination is: When does jeopardy attach in a non-jury trial P We have found no Florida decision on the point. However, it is our view and we so hold that in a non-jury trial, jeopardy commences at a point where the presentation of proof begins, that is, when the court begins to hear evidence. This is in accordance with the current majority American rule, although the rule is stated with some variation. Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 242, 122 A.L.R. 1436 (1939); 22 C.J.S. Criminal Law § 241, p. 636 et seq.; 21 Am.Jur. 2d, Criminal Law, § 175, p. 236.
The due process clause of the Fourteenth Amendment does not prevent a state from forcing a defendant to submit to a second trial where, during the first trial, the court, at the request and for the convenience of the prosecutor and over the objection of the defendant, declared a mistrial and continued the cause. Brock v. North Carolina (1953), 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456, overruled in part by Benton v. Maryland (1969), 395 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed.2d 707.
A nolle prosequi, or a dismissal, before jeopardy attaches, does not operate as an acquittal or prevent further prosecution of the offense under the prohibition against former jeopardy, Bassing v. Cady (1908), 208 U.S. 386, 391-392, 28 S.Ct. 392, 52 L.Ed. 540, 13 Ann.Cas. 905. See also Mead v. State, Fla.App. 1959, 110 So.2d 504.
The action of the state attorney terminated the pending case before the trial judge announced that he was finding the defendant not guilty. Wilson v. Renfroe, Fla.1956, 91 So.2d 857, 859, affirming 9 Fla.Supp. 146 (Cir.Ct., Leon County, 1956); 1958-1959 Op.Att’y Gen. 699 (No. 058-0169; 1958); cf. Balkis v. Speleos, Fla.App.1965, 173 So.2d 735. Therefore, the not guilty finding by the court is of no force and effect.
*40 We find the defendant’s cross-assignment of error to be without merit.
For the reasons stated, the order appealed by the state is reversed.
Reversed.