261 So.2d 133 (1972)
Richard BERNARD, Petitioner,
v.
STATE of Florida, Respondent.
No. 41794.
Supreme Court of Florida.
April 12, 1972.
Rehearing Denied May 12, 1972.
*134 Myron Mike Gold, and Charles D. Edelstein, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., Richard E. Gerstein, State's Atty., and Milton Robbins, Asst. State's Atty., for respondent.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision reported at 254 So.2d 38 is one which involves a question of great public interest in that it concerns an important question of practice as to the time that a trial actually begins. Fla. Const., art. V, § 4(2), F.S.A. We accept jurisdiction.
The facts, as stated by the District Court of Appeal, are as follows:
"It appears that on May 6, 1969, the defendant, Richard Bernard was charged with unlawful sale of heroin and the unlawful possession of heroin. He entered a plea of not guilty and waived trial by jury. On May 14, 1970, the case appeared on the trial calendar ready for trial. All the witnesses were sworn and the witness rule was invoked. Thereupon the trial judge indicated he was ready to proceed to take testimony and resolve the issues in the non-jury trial. After the witnesses were sworn the court granted the defendant's motion to exclude the testimony on the ground that the state had not complied with the discovery provisions of the Florida Rules of Criminal Procedure. The state then announced a nolle prosequi over defendant's objection. Thereafter the court upon motion of the defense found the defendant not guilty.
"On May 20, the state filed a second information charging the defendant with the same offenses.
"The defendant moved to dismiss the latter information on the ground of former jeopardy. The trial judge granted defendant's motion and dismissed the cause." (p. 39)
The State on appeal argued that jeopardy had not attached because no evidence had been heard by the trial judge. The defendant contended that jeopardy in a non-jury trial attached upon the swearing of the witnesses. The District Court of Appeal reversed the trial court, saying:
"The sole question for our determination is: When does jeopardy attach in a non-jury trial? We have found no Florida decision on the point. However, it is our view and we so hold that in a non-jury trial, jeopardy commences at a point where the presentation of proof begins, that is, when the court begins to hear evidence. This is in accordance with the current majority American rule, although the rule is stated with some variation. Clawans v. Rives, 70 App.D.C. 107, 104 F.2d 240, 242, 122 A.L.R. 1436 (1939); 22 C.J.S. Criminal Law § 241, p. 636 et seq.; 21 Am.Jur.2d, Criminal Law, § 175, p. 236." (p. 39)
We agree with this statement, as it is in accord with the general law. The following appears in Wharton's Criminal Law and Procedure, Vol. I, § 138, pp. 309-310:
"When the accused has no legal right to a trial by jury, he may be put in jeopardy *135 before a competent court legally sitting without a jury. When a case is properly tried by a court without a jury, jeopardy begins after the accused has been arraigned, has pleaded, and the court has begun to hear evidence."
In Newman v. United States, 133 U.S. App.D.C. 271, 410 F.2d 259 (1969), defendant waived his right to a jury trial and the government entered a nolle prosequi after the witnesses in the case were sworn, but before the first witness began to testify. It was held that jeopardy did not attach, the Court saying:
"Both parties agree with the general rule that `Jeopardy attaches in a case without a jury when the accused has been subjected to a charge and the court has begun to hear evidence.' Clawans v. Rives, 70 App.D.C. 107, 109, 104 F.2d 240, 242, 122 A.L.R. 1436 (1939); accord, Hunter v. Wade, 169 F.2d 973, 975, 8 A.L.R.2d 277 (10th Cir.1948), aff'd on other grounds, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). The problem, never confronted before by this Court, is when the court `has begun to hear evidence.' The appellant, relying upon an unsupported dictum of the District Court in United States v. Dickerson, 168 F. Supp. 899, 902 (D.D.C. 1958), rev'd on other grounds, 106 U.S.App.D.C. 221, 271 F.2d 487 (1959), argues the hearing of evidence is begun by `calling or swearing the first witness.'
"The Government would interpret the words to mean just what they state  to actually hear evidence. This approach has a refreshing quality of common sense to recommend it. The Government interpretation also provides a test more congruent to that applied in a case tried to a jury. Jeopardy attaches there when the jury has been impaneled and sworn. The Government argues that just as the prosecutor takes his first affirmative step into trial by selecting and swearing the jury, the equivalent step is taken in a non-jury case when the first witness is actually placed on the stand and begins to testify. In the Court of General Sessions, where this case arose, the witnesses are commonly sworn as a group as soon as the case is called. Various pre-trial motions may then follow before trial actually begins. Hence, argues the Government, the swearing of witnesses represents not an affirmative step into trial by the Government, but an administrative procedure followed for the convenience of the court.
"We agree with this analysis, and accordingly conclude that jeopardy did not attach in this case. The conviction is therefore affirmed." (p. 260)
We agree with this reasoning and hold that jeopardy had not attached in the case sub judice because no evidence had been heard prior to the time the State entered a nolle prosequi.
The defendant also contends that he is entitled to be discharged under the provisions of Fla. Stat. (1969) § 915.01(2), F.S.A. That statute, which was recently repealed by the 1971 Legislature (Florida Laws, Chapter 71-1(B)) provided in pertinent part as follows:
"When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, the attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance."
Defendant filed his first demand for speedy trial on March 24, 1970. This was in the middle of the February 1970 term of the Criminal Court of Record for Dade County and was, therefore, directed to the April 1970 term, the full first term. The second demand for speedy trial was filed on April 18, 1970, still in the first full term.
*136 During the June 1970 term, the second full term, a third and last demand for speedy trial was filed on June 25, 1970. During the June 1970 term, the trial judge dismissed the information and the case on July 2, 1970.
Three full terms of court had not expired after the defendant filed his demands when the court dismissed the information. This Court in Morrero v. Turner, 246 So.2d 769 (Fla. 1971), in discussing Clawson v. Baker, 245 So.2d 223 (Fla. 1971), said:
"[W]e held in order to meet the requirements of the Statute, it is necessary that: (1) three motions for speedy trial be properly filed in three consecutive terms of court and (2) three full terms of court pass after the first motion is filed." (246 So.2d p. 770)
We approve the decision of the District Court of Appeal in the case sub judice and the writ of certiorari is hereby discharged.
It is so ordered.
ERVIN, Acting C.J., and CARLTON, BOYD and DEKLE, JJ., concur.